1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (SBN 88666)
2  Email:  glafayette@lkclaw.com
   BRIAN H. CHUN (SBN 215417)
3  Email:  bchun@lkclaw.com
   1300 Clay Street, Suite 810
4  Oakland, California  94612
   Telephone:     (415) 357-4600
5  Facsimile:      (415) 357-4605

6  Attorneys for Defendant
   SAFEWAY INC.

7

8                    UNITED STATES DISTRICT COUT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  DEBRA HORN,                          | Case No. _____

12                Plaintiff,

    vs.

13                                       | **NOTICE OF REMOVAL OF ACTION**
                                         | **UNDER 28 U.S.C. § 1441(a) (FEDERAL**
    SAFEWAY INC. and Does 1-50,          | **QUESTION)**

14

15                Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE that Defendant Safeway Inc. ("Defendant") hereby removes to

3  this Court the state court action described below.  No other defendant has been named in this

4  action.

5        1.      On March 11, 2019, an action was commenced in the Superior Court of the State

6  of California, in and for the County of Alameda ("State Court"), entitled, <u>Debra Horn v. Safeway</u>

7  <u>Inc., et al.</u>, as Case No. RG19010397 (the "Action").  (A true and correct copy of the original

8  complaint is attached hereto as **Exhibit A**.)

9        2.      Plaintiff Debra Horn ("Plaintiff") effected service of the Summons and Complaint

10  on Defendant on April 8, 2019.  (A true and correct copy of the Summons is attached hereto as

11  **Exhibit B**.)  Defendant is filing its Notice of Removal within 30 days of service of the

12  Complaint.

13        3.      This action is a civil action of which this Court has original jurisdiction

14  pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant

15  pursuant to the provisions of 28 U.S.C. § 1441(c) in that it involves claims arising under federal

16  law.  Specifically, Plaintiff's Complaint alleges claims for (1) disability discrimination in

17  violation of Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), (2) failure to

18  accommodate in violation of the ADA, (3) harassment in violation of the ADA, and (4)

19  retaliation in violation of the ADA.

20        4.      In addition, Plaintiff's state claims are transactionally related to her federal claims.

21  Plaintiff alleges state claims for (1) violation of California Labor Code § 1102.5, (2) retaliation in

22  violation of the California Fair Employment and Housing Act ("FEHA"), (3) harassment in

23  violation of the FEHA, (4) aiding, abetting, inciting, compelling, or coercing harassment in

24  violation of the FEHA, (5) disability discrimination in violation of the FEHA, (6) failure to

25  prevent discrimination in violation of the FEHA, (7) failure to accommodate in violation of the

26  FEHA and (8) failure to engage in the interactive process in violation of the FEHA.  Plaintiff

27  asserts the same allegations in support of both her federal and state claims. The Court, therefore

28  has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

2

1    DATED:  May 8, 2019                    LAFAYETTE & KUMAGAI LLP

2

3                                            _/s/  Brian H. Chun_____
                                             BRIAN H. CHUN
4                                            Attorneys for Defendant
                                             SAFEWAY INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

3

1

**PROOF OF SERVICE**

2

     I am employed in the City of Oakland, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 1300 Clay Street, Suite 810, Oakland, California, 94612.

3

4

     On May 8, 2019, I served the document named below on the parties in this action as follows:

5

6

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

7

 **X**   (BY MAIL)  I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.  I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

8

9

10

     (BY PERSONAL SERVICE)  I caused to be personally served each document listed above on the addressee (s) noted below.

11

     (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

12

13

     (BY OVERNIGHT MAIL)  I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

14

Dan Siegel, Esq.                                          ***Attorneys for Plaintiff***
Micah Clatterbaugh, Esq.
Siegel, Yee, Brunner & Mehta
475 14th Street, Suite 500
Oakland, CA  94612

15

16

17

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on ***May 8, 2019,*** at Oakland, CA

18

19

20

*Denise Taylor*
DENISE TAYLOR

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

4

# EXHIBIT A

FILED BY FAX
ALAMEDA COUNTY
March 11, 2019
CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy
CASE NUMBER:
RG19010397

1  DAN SIEGEL, SBN 56400
   MICAH CLATTERBAUGH, SBN 316808
2  SIEGEL, YEE, BRUNNER & MEHTA
   475 14th Street, Suite 500
3  Oakland, California 94612
   Telephone: (510) 839-1200
4  Facsimile: (510) 444-6698
   dansiegel@siegelyee.com
5

6  Attorneys for Plaintiff
   DEBRA HORN
7

8

9              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                         COUNTY OF ALAMEDA

11  DEBRA HORN                          )  Case No. _____
12                                      )
            Plaintiff,                  )  VERIFIED COMPLAINT FOR DAMAGES
13                                      )  AND INJUNCTIVE RELIEF
    vs.                                 )
14                                      )
15  SAFEWAY INC., and Does 1-50,        )  Demand for Jury Trial
            Defendants.                 )
16                                      )

17

18       Plaintiff DEBRA HORN complains against defendants SAFEWAY INC., and Does

19  1-50 as follows:

20                          PRELIMINARY STATEMENT

21       1.    DEBRA HORN ("Ms. Horn") brings this action against defendant SAFEWAY

22  INC. ("Safeway") for discrimination based on disability, failure to prevent

23  discrimination, failure to accommodate disability, failure to enter into the interactive

24  process to determine reasonable accommodation, retaliation, and harassment. Ms.

25  Horn was a hard-working employee for approximately 14 years. She suffered workplace

26  injuries to her foot, knees, and hand, requiring multiple surgeries and reasonable

27  accommodation. Safeway routinely refused to provide reasonable accommodation or

28

_Horn v. Safeway Inc._, Case No. _____
Complaint – 1

1    enter into the interactive process to determine reasonable accommodation.  When Horn

2    insisted on reasonable accommodation, her supervisors harassed her based on her

3    disability and encouraged, condoned, or failed to prevent her coworkers from doing the

4    same.  When Horn insisted on reasonable accommodation in 2016 and 2017, her

5    supervisors retaliated against her through unfounded discipline, including written

6    warnings, a three-day suspension, indefinite suspension, and termination.

7                            **JURISDICTION AND VENUE**

8         2.    Plaintiff's claims arise under the statutory law of the State of California.

9         3.    The actions giving rise to this lawsuit occurred in the County of Alameda.

10                                  **PARTIES**

11        4.    Plaintiff DEBRA HORN was an employee of defendant SAFEWAY INC. at its

12   Dublin, California store at all times relevant to this controversy.

13        5.    At all times relevant to this controversy, defendant SAFEWAY INC. was a

14   corporation operating grocery stores and was HORN's employer.

15        6.    Plaintiff is unaware of the true names and capacities of the defendants sued

16   herein as DOES 1-50 and therefore sues said defendants by such fictitious names.

17   Plaintiff will amend this complaint to allege their true names and capacities when they

18   become known to plaintiff.  Plaintiff is informed and believes, and thereon alleges, that

19   DOES 1-50 are agents of Safeway Inc., acted in concert with it, and are liable for some or

20   all of the damages suffered by plaintiff.  Plaintiff is informed and believes, and thereon

21   alleges, that DOES 1-50 are residents of the State of California.  Plaintiff will hereafter

22   refer to all defendants jointly as "Safeway."

23

24                              **STATEMENT OF FACTS**

25        7.    Safeway hired Ms. Horn as a clerk in 2003.  She stocked product shelves,

26   cashiered, assisted with self-checkout, and performed general customer service.

27        8.    In 2005 Ms. Horn suffered injuries to her left foot while performing her job

28

*Horn v. Safeway Inc.*, Case No. _____
Complaint – 2

1  duties at Safeway.  She had several surgeries to her foot to address these injuries in

2  2005, 2006, and 2007.

3      9.   Ms. Horn's foot injuries caused her increasing pain which occurred within

4  an hour of standing at Safeway's check-out stand.  This condition continued thereafter.

5      10.  In December 2006 Ms. Horn's doctor recommended that Safeway either

6  provide her with a stool at her work station or restrict her work to activities that would

7  not require her to stand for long periods.

8      11.  On February 16, 2007, Ms. Horn's doctor issued a work status report placing

9  Ms. Horn on modified duty with a permanent restriction limiting standing to four hours

10  per eight hour shift.

11      12.  When Ms. Horn returned to work shortly thereafter, Store Manager Brian

12  Sullivan frequently assigned her to check-out for more than four hours in a shift.

13      13.  Also in 2007, Safeway failed to discuss with Ms. Horn possible ways to

14  accommodate the restrictions Ms. Horn's doctor placed on her work in 2007.  It did not

15  provide a stool at her work station.

16      14.  In 2009 Ms. Horn's doctor recommended she not work check-out standing

17  in a confined space for more than two hours at any one time or for more than four hours

18  per day.

19      15.  Also in 2009, Ms. Horn presented Sullivan with the accommodations

20  recommended by her doctors, per Sullivan's request.  Sullivan threw it in her face and

21  told her to do as she was told or get another job.

22      16.  In or around 2009, Michael Vasquez became Assistant Store Manager at

23  Safeway.  He frequently assigned Ms. Horn to check-out for more than four hours in a

24  shift.

25      17.  On or about July 8, 2010, Ms. Horn reported to Safeway that she was

26  experiencing persistent pain in her left hand associated with work.  Safeway refused to

27  allow her to file an accident report and instructed her to wait to see if it went away.

28

*Horn v. Safeway Inc.*, Case No. _____
Complaint – 3

18. On or about November 12, 2010, Safeway finally allowed Ms. Horn to file an accident report regarding her left hand. She had spent the previous four months in intense pain in her left hand.

19. Ms. Horn's left hand required multiple surgeries, which she received in 2012. Her doctor recommended that she perform work that did not require repetitive motion. Safeway ignored this recommendation and continued to assign Ms. Horn to check-out.

20. In 2012, on the recommendation of her doctor, Ms. Horn asserted her rights as a disabled employee through a letter from her attorney. Safeway continued its failure to reasonably accommodate her disability, continued to refuse to engage in the interactive process to determine reasonable accommodation, continued to harass her on the basis of her disability, and continued to allow its employees to do the same.

21. In 2013, Ms. Horn's doctor recommended that she not perform work at a check-out stand for more than two hours per day. Safeway refused.

22. In 2014, Ms. Horn complained to Safeway that it was discriminating against her on the basis of her disability, that it was failing to reasonably accommodate her disability, and that coworkers were harassing her by making negative comments about her disability—at times in front of customers—and suggesting that her disability or need for accommodation was insincere. Safeway ignored Ms. Horn's complaints and took no action.

23. In October 2016, Ms. Horn complained again to Safeway that it was discriminating against her on the basis of her disability, that it was failing to reasonably accommodate her disability, that coworkers were harassing her by making negative comments about her disability—at times in front of customers—and suggesting that her disability or need for accommodation was insincere, and that Safeway violated her rights to have her medical history and health information maintained confidential. Safeway ignored Ms. Horn's complaints and took no action.

24.   From 2009 through 2016 Safeway routinely assigned Ms. Horn to work at a check-out stand for more than two hours at a time and for more than four hours per day, without access to a stool or other means to perform check-out duties without standing.

25.   In 2016 Ms. Horn repeatedly insisted that Safeway provide accommodations consistent with her doctors' recommendations.  Store Manager Michael Vasquez flatly refused and told her to get another job.  Vasquez refused to enter into discussions exploring options for accommodation.

26.   On or about November 14, 2016, Vasquez issued a written warning to Horn, accusing her of poor customer service.  Ms. Horn reasonably believes this written warning was in retaliation for her assertion of her rights as a disabled employee.

27.   On or about November 23, 2016, Vasquez issued a three-day suspension without pay to Horn, again accusing her of poor customer service.  Ms. Horn reasonably believes this suspension was in retaliation for her assertion of her rights as a disabled employee.

28.   On November 24, 2016, Ms. Horn slipped and fell while on the job, injuring her knees.  Ms. Horn repeatedly requested assistance from Safeway in getting treatment for this on-the-job injury.  Safeway provided no assistance.

29.   On or about December 3, 2016, Ms. Horn's doctor recommended performing repetitive motion with either hand for no more than 25 percent of the shift; lifting, carrying, pushing or pulling no more than ten pounds; no climbing; no pivoting; no squatting; no stooping; no crawling; and no standing or walking for more than ten minutes per hour.  Safeway again refused to provide reasonable accommodations consistent with these medical recommendations.  Safeway again refused to discuss possible ways to provide reasonable accommodation of Ms. Horn's disability.

30.   On or about March 1, 2017, Ms. Horn submitted a vacation request form to Vasquez.  Vasquez refused to approve Ms. Horn's vacation request according to the

collective bargaining agreement.  When Ms. Horn protested, he said to file a grievance.  Ms. Horn reasonably believes this refusal was in retaliation for her assertion of her rights as a disabled employee.

31.   On or about March 16, 2017, Safeway denied Ms. Horn's request for funeral leave to attend her grandmother's wake and funeral.  Ms. Horn reasonably believes this denial was in retaliation for her assertion of her rights as a disabled employee.

32.   On March 25, 2017, Ms. Horn's coworker, Cindy Cornejo, told her to call the police on a suspected shoplifter.  Ms. Horn refused.  Cornejo dialed 911 on her own phone, handed it to Ms. Horn, and began following the customer Cornejo suspected of shoplifting.  The customer later came to Ms. Horn's self check-out and asked for the manager.  Ms. Horn called the Person In Charge, Zaine Caddell.

33.   On April 26, 2017, Safeway suspended Ms. Horn indefinitely.  Safeway refused to provide an explanation.  Ms. Horn reasonably believes this suspension was in retaliation for her assertion of her rights as a disabled employee.

34.   On April 28, 2017, Ms. Horn submitted to Vasquez a request for medical coverage while on leave.  Vasquez refused to approve it.  Ms. Horn reasonably believes this refusal was in retaliation for her assertion of her rights as a disabled employee.

35.   On June 29, 2017, Safeway District Manager Kevin Lovell issued a letter to Horn terminating her employment, accusing her of violation of company policy or procedures.

36.   Safeway has subsequently informed Ms. Horn that the alleged violation of policy was regarding a policy for handling suspected shoplifters.  Ms. Horn denies violation of any such policy or procedure.

37.   On February 10, 2019, Safeway reduced Ms. Horn's termination to a one-year suspension through binding arbitration pursuant to her collective bargaining agreement.

38.   Throughout Ms. Horn's employment by Safeway, there were assignments

1  available consistent with her doctor's recommendations which Safeway could have, but

2  chose not to give to Ms. Horn.  These include, but are not limited to, day stocker without

3  checking duties, produce clerk, dairy clerk, liquor clerk, and general merchandise clerk.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5       39.  Ms. Horn exhausted administrative remedies by filing charges with the

California Department of Fair Employment and Housing (DFEH) and the United States

Equal Employment Opportunity Commission (EEOC).  The California Department of

Fair Employment and Housing issued a right to sue letter on May 16, 2017.

       40.  The EEOC issued a right to sue letter to her on September 25, 2018.

       41.  On December 13, 2018, Safeway entered into a tolling agreement with Ms.

Horn, tolling the statute of limitations for any and all claims between them until either

thirty days after mediation through the EEOC (scheduled for April 11, 2019), or until

written cancellation of the tolling agreement by either party, with 30 days' notice.  Ms.

Horn hereby cancels the tolling agreement, effective 30 days after service of this

complaint on Safeway.

### FIRST CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA LABOR CODE § 1102.5
(against defendants SAFEWAY INC. and DOES 1-50)
(Cal. Lab. Code § 1102.5)

       42.  Plaintiff incorporates by reference paragraphs 1-41 above as though fully set

forth herein.

       43.  By virtue of the foregoing, defendants SAFEWAY INC. and Does 1-50

retaliated against HORN for disclosing what she reasonably believed were violations of

the law and because defendants SAFEWAY INC. and Does 1-50 suspected she would

disclose violations of the law.

---

*Horn v. Safeway Inc.*, Case No. _____
Complaint – 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SECOND CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940
(against defendants SAFEWAY INC. and DOES 1-50)
(Retaliation)

44.  Plaintiff incorporates by reference paragraphs 1-43 above as though fully set forth herein.

45.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 retaliated against HORN because she complained about disability discrimination against her, because she complained about failure to reasonably accommodate disability, and because she complained about harassment based on disability or perceived disability.

### THIRD CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940
(against defendants SAFEWAY INC. and DOES 1-50)
(Harassment)

46.  Plaintiff incorporates by reference paragraphs 1-45 above as though fully set forth herein.

47.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 harassed HORN on the basis of her disability or perceived disability, causing her to suffer a hostile work environment.

### FOURTH CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940
(against defendants SAFEWAY INC. and DOES 1-50)
(Aiding, abetting, inciting, compelling, or coercing harassment)

48.  Plaintiff incorporates by reference paragraphs 1-47 above as though fully set forth herein.

49.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 aided, abetted, incited, compelled, or coerced others to harass HORN regarding her disability or perceived disability.

1

2

3

### FIFTH CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940
(against defendants SAFEWAY INC. and DOES 1-50)
(Disability Discrimination)

4       50.  Plaintiff incorporates by reference paragraphs 1-49 above as though fully set

5   forth herein.

6       51.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50

7   discriminated against HORN on the basis of her disability or perceived disability.

8

### SIXTH CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940
(against defendants SAFEWAY INC. and DOES 1-50)
(Failure to Prevent Discrimination)

9

10

11      52.  Plaintiff incorporates by reference paragraphs 1-51 above as though fully set

12  forth herein.

13      53.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 failed

14  to take reasonable steps to prevent discrimination against HORN on the basis of her

15  disability or perceived disability.

16

### SEVENTH CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940
(against defendants SAFEWAY INC. and DOES 1-50)
(Failure to Accommodate)

17

18

19      54.  Plaintiff incorporates by reference paragraphs 1-53 above as though fully set

20  forth herein.

21      55.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 failed

22  to reasonably accommodate HORN's disability or perceived disability.

### EIGHTH CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940
(against defendants SAFEWAY INC. and DOES 1-50)
(Failure to Engage in Interactive Process)

23

24

25      56.  Plaintiff incorporates by reference paragraphs 1-55 above as though fully set

26  forth herein.

27      57.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 failed

28

*Horn v. Safeway Inc.*, Case No. _____
Complaint – 9

1    to properly engage in the interactive process in determining reasonable accommodation

2    of HORN's disability or perceived disability.

3                         **NINTH CLAIM FOR RELIEF**
              VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
4                          42 U.S.C. 12101, *et seq.*
               (against defendants SAFEWAY INC. and DOES 1-50)
5                            (Disability Discrimination)

6

7         58.  Plaintiff incorporates by reference paragraphs 1-57 above as though fully set

8    forth herein.

        59.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50
9

10   discriminated against HORN on the basis of her disability or perceived disability.

                        **TENTH CLAIM FOR RELIEF**
11            VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
                      42 U.S.C. 12101, *et seq.*
12             (against defendants SAFEWAY INC. and DOES 1-50)
                    (Failure to Accommodate)
13

14         60.  Plaintiff incorporates by reference paragraphs 1-59 above as though fully set

15   forth herein.

16         61.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 failed

17   to reasonably accommodate HORN's disability or perceived disability.

18                  **ELEVENTH CLAIM FOR RELIEF**
           VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
19                       42 U.S.C. 12101, *et seq.*
               (against defendants SAFEWAY INC. and DOES 1-50)
20                           (Harassment)

21         62.  Plaintiff incorporates by reference paragraphs 1-61 above as though fully set

22   forth herein.

23         63.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50

24   harassed HORN regarding her disability or perceived disability, causing her to suffer a

25   hostile work environment.

26

27

28

---

*Horn v. Safeway Inc.*, Case No. _____
Complaint – 10

**TWELFTH CLAIM FOR RELIEF**
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
42 U.S.C. 12101, *et seq.*
(against defendants SAFEWAY INC. and DOES 1-50)
(Retaliation)

64.  Plaintiff incorporates by reference paragraphs 1-63 above as though fully set forth herein.

65.  By virtue of the foregoing, defendants SAFEWAY INC. and DOES 1-50 retaliated against HORN because she complained about disability discrimination against her, because she complained about failure to reasonably accommodate disability, and because she complained about harassment based on disability or perceived disability.

**DAMAGES**

66.  As a result of the actions of defendants SAFEWAY INC. and DOES 1-50, plaintiff has been injured and has suffered damages as follows:

(a) She has lost compensation and other employment-related benefits to which she has been entitled and will lose such compensation and benefits in the future;

(b) She has suffered from physical pain and suffering;

(c) She has suffered from emotional distress, embarrassment and humiliation, and has suffered damage to her professional reputation and standing; and

(d) She has incurred out-of-pocket expenses for health care benefits.

**PUNITIVE DAMAGES**

67.  In taking the actions described above, defendants SAFEWAY INC. and DOES 1-50 acted maliciously and oppressively, with a conscious disregard of HORN's rights and for the purpose of punishing her because she complained about disability discrimination against her, because she complained about failure to reasonably accommodate disability, and because she complained about harassment based on disability or perceived disability.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court grant her relief as follows:

(1)     Injunctive relief to require defendants SAFEWAY INC. and DOES 1-50 to cease and desist from engaging in or allowing unlawful workplace harassment on the basis of disability or perceived disability;

(2)     Injunctive relief to require defendant SAFEWAY INC. to provide mandatory training to all supervisors it employs in the identification and prevention of workplace harassment based on disability, failure to reasonably accommodate disability in the workplace, and failure to engage in the interactive process in determining reasonable accommodation of disability or perceived disability in the workplace;

(3)     Injunctive relief to require defendant SAFEWAY INC. to publish a policy statement delineating employee rights and manager responsibilities with regard to employee complaints of harassment or discrimination on the basis of disability and to post that policy statement prominently in the workplace;

(4)     Compensatory damages for past and future lost wages and benefits, in an amount to be determined;

(5)     Interest at the legal rate;

(6)     General damages for emotional distress and pain and suffering, in an amount to be determined;

(7)     Special damages for out-of-pocket expenses;

(8)     Punitive damages, in an amount to be determined;

(9)     Attorneys' fees;

(10)    Costs of suit; and

(11)    Such other and further relief as the Court may deem proper.

1

## DEMAND FOR JURY TRIAL

2    Plaintiff DEBRA HORN hereby demands a jury trial.

3    Dated: March 11, 2019

4                                    SIEGEL, YEE, BRUNNER & MEHTA

5

6                            By:
                                    Micah Clatterbaugh
7

8                            Attorneys for Plaintiff
                             DEBRA HORN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Horn v. Safeway Inc.*, Case No. _____
Complaint – 13

1

**VERIFICATION**

2      I, DEBRA HORN, declare as follows:

3      I am the plaintiff in this action.  I have read the foregoing Verified Complaint for

4 Injunctive Relief and Damages and know the contents thereof.  The same is true of my

5
personal knowledge except where stated on information and belief and, as to such
6
matters, I believe it to be true.
7
8      I declare under penalty of perjury that the foregoing is true and correct. Executed

9 on March 8, 2019, at ____Dublin____, California.

10

11                                    _____

12                                         Debra Horn

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Horn v. Safeway Inc.*, Case No. _____
Complaint – 14

**EXHIBIT B**

Mar. 11. 2019 11:16AM    siegel & yee                              No. 3578    P. 3

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Safeway Inc., and Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Debra Horn

**FILED BY FAX**
ALAMEDA COUNTY
March 11, 2019

CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):*<br>RG19010397 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dan Siegel, SBN 56400  Micah Clatterbaugh, SBN 316080
Siegel, Yee, Brunner & Mehta (510) 839-1200
475 14th Street #500, Oakland CA 94612

DATE: March 11, 2019                    Clerk, by                              , Deputy
*(Fecha)*                               *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Horn, Debra