LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@lkclaw.com
BRIAN H. CHUN (SBN 215417)
Email: bchun@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA HORN,<br><br>            Plaintiff,<br>vs.<br><br>SAFEWAY INC. and Does 1-50,<br><br>            Defendants. | Case No. 3:19-cv-02488-JCS<br><br>**DEFENDANT SAFEWAY, INC.'S CASE MANAGEMENT STATEMENT**<br><br>Date:         May 15, 2020<br>Time:         2:00 p.m.<br>Courtroom:  F – 15th Floor<br>Judge:        Hon. Joseph C. Spero<br><br>Action Filed: March 11, 2019<br>Notice of Removal Filed: May 8, 2019<br>Trial Date: March 15, 2021 |

Defendant Safeway Inc. ("Defendant") submits this Case Management Statement pursuant to Local Rule 16-9(a). Defendant's counsel attempted to contact Plaintiff's counsel and sent Plaintiff's counsel a draft Joint Case Management Statement but did not receive a response. Accordingly, Defendant submits this Case Management Statement solely on its own behalf.

**1.     Jurisdiction and Service**

This case has been removed from California state court based upon federal question jurisdiction. No known issues exist regarding personal jurisdiction or venue. No parties remain to be served.

**2.     Facts**

**A.     Plaintiff's Summary of Facts**

Defendant Safeway hired Ms. Horn as a clerk in 2003. She stocked product shelves, cashiered, assisted with self-checkout, and performed general customer service. Ms. Horn suffered on the job foot injuries in 2005, requiring several surgeries and caused her increasing pain which occurred within an hour of standing at Safeway's check-out stand. This condition continued thereafter. Beginning in 2006, Ms. Horn's doctors recommended that Safeway either provide her with a stool at her work station or ensure her work to activities did not require her to stand for long periods. Despite these recommendations, Safeway frequently assigned Ms. Horn to check-out for more than four hours in a shift.

From 2006 to 2017, Safeway repeatedly refused to provide a stool at Ms. Horn's work station, refused to honor her doctors' recommendations, and failed to discuss possible ways to accommodate her disability. In 2016, Ms. Horn complained to Safeway that it was discriminating against her on the basis of her disability, that it was failing to reasonably accommodate her disability, and that managers and coworkers were harassing her regarding her disability. Safeway issued a written warning, then a three-day suspension to Ms. Horn the following month, accusing her of poor customer service. Ms. Horn reasonably believes this was in retaliation for her assertion of her rights as a disabled employee. In March of 2017, Safeway refused to approve Ms. Horn's vacation request and denied her funeral leave request. Ms. Horn reasonably believes this was in retaliation for her assertion of her rights as a disabled employee.

2

On March 25, 2017, Ms. Horn's coworker, Cindy Cornejo, told her to call the police on a suspected shoplifter. Ms. Horn refused. Cornejo dialed 911 on her own phone, handed it to Ms. Horn, and began following the customer Cornejo suspected of shoplifting. The customer later came to Ms. Horn's self check-out and asked for the manager. Ms. Horn called the Person In Charge, Zaine Caddell.

Safeway suspended Ms. Horn indefinitely on April 26, 2017, without explanation, then promptly refused her request for medical coverage while on leave. Ms. Horn reasonably believes this was in retaliation for her assertion of her rights as a disabled employee.

Safeway terminated Ms. Horn's employment on June 29, 2017, accusing her of violation of company policy or procedures, only later explaining that the alleged violation of policy was regarding a policy for handling suspected shoplifters. Ms. Horn denies violation of any such policy or procedure and denies any warning regarding failure to comply.

On February 10, 2019, Safeway reduced Ms. Horn's termination to a one-year unpaid suspension through binding arbitration pursuant to her collective bargaining agreement. Safeway then reinstated her as an employee.

### B. Defendant's Summary of Facts

Plaintiff is a current employee of Defendant and was employed as a food clerk during the time period relevant to this case. On June 28, 2017, Defendant terminated Plaintiff's employment after she disregarded specific instructions on the handling of suspected shoplifters and violated company policies. She had been warned beforehand that her failure to comply with these instructions would result in discipline up to and including termination. Plaintiff's union filed a grievance on her behalf and following an arbitration, the arbitrator concluded that Plaintiff had "engaged in serious misconduct by indulging in racial profiling and falsely accusing customers of theft without having a reasonable basis for doing so," "exposed the company to liability," and "left her assigned work for a period of time" in violation of company policies. While the arbitrator concluded that "serious discipline" was "warranted for the misconduct" and that Plaintiff had demonstrated a "lack of candor," he reduced the termination to a one year suspension.

With regard to Plaintiff's claims in this case, Defendant denies that it retaliated against Plaintiff for engaging in protected activity, discriminated against or harassed Plaintiff based on her alleged disability or perceived disability, failed to take reasonable steps to prevent discrimination against Plaintiff, failed to provide reasonable accommodation for Plaintiff's alleged disability or perceived disability and/or failed to properly engage in the interactive process to determine reasonable accommodation for Plaintiff's alleged disability or perceived disability.

**3.   Legal Issues**

1.   Whether Defendant retaliated against Plaintiff in violation of California Labor Code § 1102.5 because Plaintiff disclosed information, or because Defendant believed that Plaintiff may disclose information, to a government or law enforcement agency, to a person with authority over Plaintiff or to another employee who has the authority to investigate, discover, or correct the violation or noncompliance, and whether Plaintiff had reasonable cause to believe that the information disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

2.   Whether Defendant retaliated against Plaintiff in violation of the California Fair Employment and Housing Act ("FEHA").

3.   Whether Defendant harassed Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

4.   Whether Defendant aided, abetted, incited, compelled or coerced others to harass Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

5.   Whether Defendant discriminated against Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

6.   Whether Defendant failed to take reasonable steps to prevent discrimination against Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

7.   Whether Defendant failed to provide reasonable accommodation for Plaintiff's alleged disability or perceived disability in violation of the FEHA.

8.   Whether Defendant failed to properly engage in the interactive process to

4

determine reasonable accommodation for Plaintiff's alleged disability or perceived disability in violation of the FEHA.

      9.     Whether Defendant discriminated against Plaintiff based on her alleged disability or perceived disability in violation of the Americans with Disabilities Act ("ADA").

      10.    Whether Defendant failed to provide reasonable accommodation for Plaintiff's alleged disability in violation of the ADA.

      11.    Whether Defendant harassed Plaintiff based on her alleged disability or perceived disability in violation of the ADA.

      12.    Whether Defendant retaliated against Plaintiff in violation of the ADA.

      13.    Whether Plaintiff failed to mitigate her alleged damages.

**4.**    **Motions**

    **A.**    **Plaintiff's Motions**

Plaintiff has not filed any motions to date. Plaintiff does not currently anticipate filing motions.

    **B.**    **Defendant's Motions**

Defendant has not filed any motions to date. Defendant anticipates filing a motion for summary judgment or, in the alternative, partial summary judgment, or other dispositive motions.

**5.**    **Amendment of Pleadings**

    **A.**    **Plaintiff**

No amendments are currently expected.

    **B.**    **Defendant**

No amendments are expected.

**6.**    **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.**    **Disclosures**

The parties have produced documents and information pursuant to the Court's Initial

5

Discovery Protocols.

**8.     Discovery**

The parties have propounded and responded to initial written discovery requests. Defendant will take the deposition of Plaintiff and Plaintiff will take the depositions of several witnesses. If the case does not resolve at mediation, the parties will propound additional written discovery requests as necessary in an effort to follow up on outstanding issues, and notice additional depositions.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

The parties are not aware of any related cases.

**11.    Relief**

    **A.     Plaintiff**

Plaintiff seeks special damages in an amount not yet determined for lost employment compensation and health care expenses; general damages for pain and suffering; general damages for emotional distress, embarrassment and humiliation, and damage to professional reputation and standing; and punitive damages.

Plaintiff seeks injunctive relief to require Safeway to cease and desist from engaging in or allowing unlawful workplace harassment on the basis of disability or perceived disability; to require Safeway to provide mandatory training to all supervisors it employs in the identification and prevention of workplace harassment based on disability, failure to reasonably accommodate disability in the workplace, and failure to engage in the interactive process in determining reasonable accommodation of disability or perceived disability in the workplace; and to require Safeway to publish a policy statement delineating employee rights and manager responsibilities with regard to employee complaints of harassment or discrimination on the basis of disability and to post that policy statement prominently in the workplace.

    **B.     Defendant**

Defendant is not yet in a position to make an assessment regarding Plaintiff's alleged

damages but believes she is not entitled to any damages.

**12.     Settlement and ADR**

The parties have agreed to a court-sponsored mediation.  H. Jay Folberg, Esq. has been appointed as the mediator.  The parties had been planning to schedule Plaintiff's deposition to take place in March or April 2020 and a mediation in May 2020, but the current COVID-19 pandemic and shelter in place orders have disrupted those plans.  Defendant is currently monitoring the situation and hopes to schedule these events to take place by the end of June 2020.

The parties have complied with ADR L.R. 3-5.

**13.     Consent to Magistrate Judge For All Purposes**

The parties have consented to have a magistrate judge conduct all further proceedings.

**14.     Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The parties do not agree, at this time, to the narrowing of issues.  At this time, the parties do not have suggestions to expedite the presentation of evidence at trial.

**16.     Expedited Schedule**

The parties do not agree to the Expedited Trial Procedure.

**17.     Scheduling**

The following schedule has been set by the Court:

(a)     Last day to complete mediation:  March 15, 2020

(b)     Last day to file dispositive motions:  August 7, 2020

(c)     Non-expert discovery cutoff:  August 21, 2020

(d)     Last day to file opposition to dispositive motions:  August 28, 2020

(e)     Last day to file reply to dispositive motions:  September 11, 2020

(f)     Hearing on dispositive motions:  October 9, 2020 at 9:30 a.m.

(g)     Expert witness disclosures:  November 16, 2020

(h)     Rebuttal expert disclosures: December 21, 2020

7

(i) Expert discovery cutoff: February 1, 2021

(j) Final pretrial conference: March 5, 2021 at 2:00 p.m.

(k) Trial: March 15, 2021 at 8:30 a.m.

**18. Trial**

Plaintiff has demanded trial by jury. The parties believe the jury trial will last approximately 10 court days.

**19. Disclosure of Non-Party Interested Entities or Persons**

**A. Plaintiff**

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiff certifies that no such interest is known to her other than that of the named parties to the action.

**B. Defendant**

Pursuant to Civil L.R. 3-15, Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Albertsons Holdings LLC and AB Acquisition LLC.

**20. Professional Conduct**

The parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

None at this time.

DATED: May 8, 2020                                   LAFAYETTE & KUMAGAI LLP

                                                     /s/ Brian H. Chun
                                                     BRIAN H. CHUN
                                                     Attorneys for Defendant
                                                     SAFEWAY INC.