DAN SIEGEL, SBN 56400
ANDREW CHAN KIM, SBN 315331
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
chankim@siegelyee.com

Attorneys for Plaintiff
DEBRA HORN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBRA HORN,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFEWAY INC. and Does 1-50,<br><br>    Defendants. | Case No.: 3:19-cv-02488-JCS<br><br>**DECLARATION OF ANDREW CHAN KIM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY ORDER AND FOR SANCTIONS**<br><br>Date: January 29, 2021<br>Time: 9:30 a.m.<br>Courtroom: F<br>Judge: Honorable Joseph C. Spero |

I, Andrew Chan Kim, hereby declare:

1.  I am an attorney licensed to practice in California and an associate at Siegel, Yee, Brunner & Mehta, attorneys of record for plaintiff in this matter.

2.  The facts stated herein are of my own personal knowledge and if called and sworn as a witness, I could and would completely testify thereto.

3.  I make this declaration in support of plaintiff's Motion to Compel Compliance with Discovery Order and for Sanctions against defendant Safeway.

---

*Horn v. Safeway Inc., et al.*, 3:19-cv-02488-JCS
Declaration of Andrew Chan Kim - 1

4. On July 27, 2020, the undersigned emailed Mr. Chun to memorialize the parties' agreement regarding defendant's compliance with the Court's Order (Dkt. 30).

5. On July 29, 2020, the parties memorialized their agreement by email that defendant would provide supplemental responses to Interrogatories No. 5-8 by August 14, 2020, a week prior to the non-expert fact discovery cutoff at the time.

6. On July 29, 2020, the undersigned requested that defendant comply with the Court's Order (Dkt. 30) in full by providing further responses to Interrogatory No. 1 and RFP Nos. 39-54 by no later than August 26, 2020.

7. Mr. Chun responded that same day that he would check with his client and get back to the undersigned.

8. Mr. Chun did not respond further.

9. On August 14, 2020, defendant served their supplemental interrogatory responses to Interrogatories No. 5-8.

10. On December 1, 2020, the undersigned spoke with Mr. Chun on the phone to request that defendant provide its further responses to Interrogatory No. 1 and RFP Nos. 39-54 by no later than December 18, 2020. Following the call, the undersigned emailed Mr. Lafayette and Mr. Chun requesting defendant comply with the Court's Order in full by no later than December 18, 2020. Defendant did not request additional time to comply.

11. Defendant did not provide further responses to Interrogatory No. 1 and RFP Nos. 39-54 by December 18, 2020. To this day, defendant has yet to produce such responses.

12. Interrogatory No. 1 requested "[f]or each non-management employee of **DEFENDANT** employed at a Safeway store within District 7 and managed by **DEFENDANT** who called the police or called 911 to report a shoplifting incident or suspected shoplifting incident occurring within that store, from January 1, 2009 to the present, **IDENTIFY** the employee, state the date of each call, state whether

---

*Horn v. Safeway Inc., et al.*, 3:19-cv-02488-JCS
Declaration of Andrew Chan Kim - 2

**DEFENDANT** initiated an investigation of the employee for doing so, **STATE ALL REASONS** why **DEFENDANT** did or did not initiate an investigation, and state the outcome of such investigation." The Court ordered the motion to compel in part requiring that defendant produce, "[f]or each shoplifting incident at the Dublin store in which the police were called, from January 1, 2017 to present, state: 1) the date of the incident 2) who contacted the police, and 3) whether prior authorization was received from a manager to call the police." (Dkt. 30.) To date, defendant has not supplemented its response.

13.   RFP Nos. 39-54 requested all emails, complete with all attachments, related to disability accommodations for Debra Horn, composed or received by the Store Manager, Assistant Store Manager, District 7 Human Resources, Michael Vasquez, Celia Kettle, MaryAnne Weathers, Dina Woods, Brian Sullivan, Lynette Ledesma, Kevin Lovell, Ben Beede, Michael Gravelle, Kelli Snow, Amadeu Oliveira, Jessica Taylor, and Nicole Chenault from July 21, 2005 to present in Native format with all metadata intact. The Court granted the requests in part and ordered defendant "produce native format files of the emails with metadata or alternatively, pdf files with accompany searchable text files and metadata." (Dkt. 30.) To date, defendant has not produced all responsive emails with metadata or in pdf files with accompany searchable text files and metadata, or supplemented its response to state that it has produced all responsive emails with metadata.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 23, 2020 in Belmont, California.

SIEGEL, YEE, BRUNNER & MEHTA

By:  /s/ Andrew Chan Kim
      Andrew Chan Kim

Attorneys for Plaintiff
DEBRA HORN

*Horn v. Safeway Inc., et al.*, 3:19-cv-02488-JCS
Declaration of Andrew Chan Kim - 3