LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@lkclaw.com
BRIAN H. CHUN (SBN 215417)
Email: bchun@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California  94612
Telephone:	(415) 357-4600
Facsimile:	(415) 357-4605

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COUT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA HORN,<br><br>                Plaintiff,<br><br>vs.<br><br>SAFEWAY INC. and Does 1-50,<br><br>                Defendants. | Case No. 3:19-cv-02488-JCS<br><br>**DECLARATION OF BRIAN H. CHUN IN SUPPORT OF DEFENDANT SAFEWAY INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY ORDER AND FOR SANCTIONS**<br><br>Date:         January 29, 2021<br>Time:        9:30 a.m.<br>Courtroom: F – 15th Floor<br>Judge:       Hon. Joseph C. Spero<br><br>Action Filed: March 11, 2019<br>Notice of Removal Filed: May 8, 2019<br><br>Trial Date: September 27, 2021 |

I, BRIAN H. CHUN, declare:

1. I am a partner at the law firm of Lafayette & Kumagai LLP, attorneys of record for Defendant Safeway Inc. ("Safeway") in this action, and am admitted to practice in good standing in this State. I make this declaration in support of Defendant Safeway Inc.'s Opposition to Plaintiff's Motion to Compel Compliance with Discovery Order and for Sanctions. I make this declaration of my own personal knowledge and if called as a witness to testify regarding the matters stated in this declaration I would and could testify under oath competently thereto.

2. On Friday, March 13, 2020, the Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion to Compel. (ECF No. 30.) The Court denied most of the relief requested by Plaintiff, but ordered, among other things, the following:

"3. The motion to compel further production in response to RFP 29-54 is GRANTED IN PART. Defendant shall produce native format files of the emails at issue, with metadata, or, alternatively, pdf files with accompanying searchable text files and metadata."

"4. The motion to compel further response to interrogatory No. 1 is GRANTED IN PART: For each shoplifting incident at the Dublin store in which the police were called, from January 1, 2017 to present, state: 1) the date of the incident 2) who contacted the police, and 3) whether prior authorization was received from a manager to call the police."

(ECF No. 30.)

. . . .

"7. The motion to compel further response to interrogatory Nos. 5-8 is GRANTED IN PART. Defendant shall answer these interrogatories in full one (1) week before the non-expert discovery cut off."

3. On Monday, March 16, 2020, three days after the Court issued its order, six Bay Area counties (San Francisco, Santa Clara, San Mateo, Marin, Contra Costa and Alameda) issued coordinated shelter-in-place orders, to take effect the following day, in response to the COVID-19 pandemic. Safeway, an essential business, remained open but its focus turned almost entirely to customer and employee safety and increased hiring and training to assure food and supplies

1  remained available to consumers.  The ongoing pandemic and its impact on Safeway's operations
2  made it very difficult for counsel to both talk to witnesses and search for documents.  Safeway's
3  counsel explained this to Plaintiff's counsel in various telephone conversations between May and
4  September 2020, as well as the fact that gathering the information to respond to Interrogatory No.
5  1 (calls made to the police regarding suspected shoplifters) was difficult and time-consuming
6  because Safeway's stores do not maintain records of such calls.  Plaintiff's counsel indicated that
7  he understood and was not in a rush to receive the native email production per RFP Nos. 29-54
8  (which had already been produced in paper form months earlier) or the supplemental response to
9  Interrogatory No. 1.  Plaintiff's counsel, however, emphasized that he did want supplemental
10 responses to Interrogatory Nos. 5-8 by August 14, 2020.  Safeway's counsel agreed to provide
11 the responses by that date and did so.

12    4.   On July 29, 2020, Plaintiff's counsel asked Safeway's counsel if Safeway was
13 agreeable to a compliance date of August 26, 2020 with regard to RFP Nos. 29-54 and
14 Interrogatory No. 1.  Safeway's counsel responded that same day that he would get back to
15 Plaintiff's counsel.  Plaintiff's counsel and Defendants' counsel spoke again in mid-August 2020
16 and agreed the parties would not engage in further discovery activity, aside from the taking of
17 Plaintiff's deposition, in light of the parties ongoing efforts to resolve the case.

18    5.   On August 21, 2020, Safeway commenced Plaintiff's deposition via Zoom Video
19 but had to stop after only a few hours because Plaintiff's internet connection was very slow,
20 which resulted in near constant interruptions.  The deposition was continued to August 27, 2020.
21 Much of the seven hours allotted for Plaintiff's deposition was consumed by difficulties
22 communicating due to Plaintiff's poor internet connection on the first day of the deposition as
23 well as Plaintiff's repeated efforts to avoid answering questions by giving long, non-responsive
24 answers.  However, even without factoring in the delay caused by these two issues, Safeway still
25 had nearly one hour remaining when Plaintiff's counsel abruptly and falsely declared that the 7-
26 hour limit had been reached and that the deposition was over.  Plaintiff's counsel and Plaintiff
27 thereafter left the Zoom deposition over Safeway's objection.  In keeping with the parties'
28 agreement not to expend time on discovery issues while they tried to settle the case, Safeway did

3
DECLARATION OF BRIAN H. CHUN IN SUPPORT OF DEFENDANT SAFEWAY INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY ORDER AND FOR SANCTIONS
(Case No. 3:19-cv-02488-JCS)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1 not bring Plaintiff's improper conduct to the attention to the Court.

2    6.    On September 16, 2020, the parties participated in a Zoom mediation but did not
3 reach a settlement. The parties, however, agreed to continue their settlement discussions.

4    7.    On October 7, 2020, Safeway communicated an updated settlement offer to
5 Plaintiff.

6    8.    On October 16, 2020, while Safeway's settlement offer was pending, Safeway's
7 counsel advised the Court at the Case Management Conference that Safeway was awaiting
8 Plaintiff's response to Safeway's settlement offer and Safeway's counsel and Plaintiff's counsel
9 separately advised the Court that they were optimistic that the case would be resolved.

10   9.    On November 20, 2020, just before the Thanksgiving week, and over six weeks
11 after Safeway had made its settlement offer, Plaintiff made a new settlement demand.

12   10.   On December 1, 2020, only five business days later, and in what might appear to
13 be rather sharp discovery tactics, Plaintiff's counsel called Safeway's counsel about when it
14 could expect a response to Plaintiff's settlement new demand and at the same time advised that
15 Plaintiff wanted to resume discovery, including scheduling depositions and receiving Safeway's
16 supplemental document production per the Court's discovery order by December 18, 2020.
17 Safeway's counsel advised Plaintiff's counsel that this timeline was unrealistic given the
18 December holidays (among Safeway's busiest time of the year) and the ongoing impact of
19 COVID-19. Plaintiff's counsel responded that he would not agree to a later date. Safeway's
20 counsel also reminded Plaintiff's counsel of their prior agreement regarding not spending
21 additional time and expense on discovery while exploring settlement and pointed out that in
22 keeping with those discussions, Safeway had not made an issue of Plaintiff's counsel prematurely
23 ending Plaintiff's deposition. Plaintiff's counsel acknowledged that the parties had been
24 "standing down" on discovery in light of the parties' settlement discussions, but indicated that he
25 now wanted to proceed with discovery. Safeway's counsel responded that he would get back to
26 work on the discovery issues but would likely not be able to respond by December 18, 2020.

27   11.   On the morning of December 9, 2020, Safeway's counsel sent Plaintiff's counsel
28 an updated settlement offer, an offer that remains outstanding notwithstanding the passage of four

<u>weeks</u> since that offer was made.

12. On December 23, 2020, instead of providing a response to Safeway's offer, which is still pending, or a prior warning that she intended to seek relief from the Court, Plaintiff filed the instant Motion to Compel and Request for Sanctions.

13. On December 24, 2020, Safeway's counsel sent a letter to Plaintiff's counsel pointing out the unreasonable nature of Plaintiff's motion in light of the parties' active settlement discussions, Safeway's pending settlement offer and the parties' earlier agreement to table discovery activities. Safeway's counsel also informed Plaintiff's counsel that the motion did not comply with Judge Spero's standing order, which requires the parties to schedule a video meet and confer call followed by the submission of a <u>joint</u> discovery letter if necessary. Safeway's counsel stated that he was continuing to work on complying with the remainder of the Court's discovery order. Lastly, Safeway's counsel requested a response to its pending settlement offer. Attached hereto as **Exhibit A** is true and correct copy of Safeway's counsel's December 24, 2020 letter to Plaintiff's counsel.

14. On December 31, 2020, Safeway complied with the discovery order relating to RFP Nos. 29-54.

15. On January 4, 2021, Safeway's counsel asked that Plaintiff's counsel withdraw the motion given that (1) Safeway expects to be able to provide a supplemental response to Interrogatory No. 1, the sole remaining discovery request at issue, within a week, and certainly well before the hearing on the motion, and (2) the parties needed to comply with Judge Spero's standing order regarding discovery disputes and schedule a meet and confer call. Plaintiff's counsel would not agree to withdraw the motion and incorrectly asserted that Judge Spero's order did not apply.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 6th day of January, 2021 in Albany, California.

*/s/ Brian H. Chun*
BRIAN H. CHUN

5
DECLARATION OF BRIAN H. CHUN IN SUPPORT OF DEFENDANT SAFEWAY INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY ORDER AND FOR SANCTIONS
(Case No. 3:19-cv-02488-JCS)

# EXHIBIT A

**Lafayette & Kumagai**

**Lafayette & Kumagai** LLP
Attorneys

1300 Clay Street, Suite 810
Oakland, CA 94612

415.357.4600  TEL
415.357.4605  FAX
www.lkclaw.com

December 24, 2020

*Via Email:*

Andrew Chan Kim
Siegel, Yee, Brunner & Mehta
475 14th Street, Suite 500
Oakland, California 94612

**Re:  Debra Horn v. Safeway Inc., et al.
United States District Court, Northern District of California
Case No. 19-cv-02488-JCS**

Dear Mr. Kim:

We received Plaintiff's Motion to Compel Compliance with Discovery Order and for Sanctions you filed yesterday. This is very disappointing, particularly given that you have not yet responded to our December 9, 2020 settlement offer and in light of our prior discussions regarding not spending more time and money on discovery issues while exploring settlement.

In that regard, you will recall that following the mediation, we communicated an updated settlement offer to you on October 7, 2020.

At the Case Management Conference on October 16, 2020, I advised the Court that we were awaiting Plaintiff's response to Safeway's settlement offer and we then both separately advised the Court that we were optimistic that the case would be resolved.

Unfortunately, you waited until the afternoon of November 20, 2020, just before the Thanksgiving week, to provide a response. This was over six weeks after we made our offer.

On December 1, 2020, only five business days later, you called me to ask about our response to Plaintiff's settlement demand and advised that you wanted to resume discovery, schedule depositions and receive our supplemental document production per the discovery order by December 18, 2020. I advised you that this timeline was unrealistic given the holidays and the complications of COVID-19. You responded that you would not agree to a later date. Accordingly, your declaration stating that

Andrew Chan Kim
December 24, 2020
Page 2

I did not request additional time is at best misleading. I also reminded you of our prior discussions regarding not wasting additional money on discovery while we explore settlement, and asked that you give us time to at least see if resolution was possible. I also told you that I would get back to work on the discovery issues, and I have been.

On the morning of December 9, 2020, we sent you an updated settlement offer. It has now been over two weeks since then, and instead of providing a response to the offer, or a prior warning that you intended to instead seek court intervention, you filed your motion to compel and request for sanctions.

In addition, the Motion to Compel you filed does not comply with Judge Spero's standing order, which requires the parties to schedule a video meet and confer call followed by the submission of a <u>joint</u> discovery letter. Accordingly, please withdraw your motion so that we can follow Judge Spero's procedures. In any event, we believe a discovery letter will be unnecessary as we are continuing to work on complying with the discovery order.

Lastly, we request a response to our December 9, 2020 settlement offer.

Sincerely,

**LAFAYETTE & KUMAGAI LLP**

Brian H. Chun