DAN SIEGEL, SBN 56400
ANDREW CHAN KIM, SBN 315331
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
chankim@siegelyee.com

Attorneys for Plaintiff
DEBRA HORN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBRA HORN, <br><br> Plaintiff, <br><br> vs. <br><br> SAFEWAY INC. and Does 1-50, <br><br> Defendants. | Case No.: 3:19-cv-02488-JCS <br><br> **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY ORDER AND FOR SANCTIONS** <br><br> Date: January 29, 2021 <br> Time: 9:30 a.m. <br> Courtroom: F <br> Judge: Honorable Joseph C. Spero |

## I.   INTRODUCTION

Plaintiff brought her Motion to Compel Compliance With Discovery Order and For Sanctions pursuant to F.R.C.P. 37(b)(2)(A) on December 23, 2020. Dkt. 49. Specifically, plaintiff sought to compel defendant's compliance with the Court's order (Dkt. 30) requiring defendant to provide further response to Interrogatory No. 1 and further production of RFP Nos. 39-54. *Id.*

*Horn v. Safeway Inc., et al.*, 3:19-cv-02488-JCS
Reply - 1

On December 31, 2020, counsel for Safeway provided further production of emails in native format. Declaration of Andrew Chan Kim, ¶ 4. On January 7, 2021, counsel for Safeway provided further response to Interrogatory No. 1. *Id.* at ¶ 5. Plaintiff requires additional time to determine whether defendant has complied with the Court's order and will withdraw this motion in advance of the January 29, 2021 hearing if she determines that defendant has.

## II. ARGUMENT

### a. Plaintiff's Motion to Compel Compliance is Appropriate

Defendant argues that plaintiff's motion should be denied because: she did not comply with the Court's standing order regarding discovery disputes; her motion will be moot because defendant will have fully complied in advance of the scheduled hearing; and because the parties informally agreed to keep costs low in an effort to resolve the matter.

Plaintiff's motion is appropriate. With respect to the Court's standing order, there was no discovery dispute between the parties because it was resolved by the Court's order granting, in part, plaintiff's Motion to Compel. Dkt. 30. Accordingly, plaintiff was entitled to further production of RFP 39-54 and further response to Interrogatory No. 1 prior to the fact discovery close date. *Id*. The parties were unable to resolve the matter at mediation on September 16, 2020, Dkt. 46, and reasonable time had passed since the Court issued its order. It was appropriate for plaintiff, therefore, to seek the Court's intervention to compel defendant's compliance before February 12, 2021, the close of fact discovery. *See* Dkt. 45.

### b. Plaintiff's Request for Monetary Sanctions is Appropriate

F.R.C.P. 37(b)(2) provides inherent authority to the Court to award attorneys' fees sanctions. *Harkey v. Beutler*, 817 F. App'x 389, 392 (9th Cir. 2020). The rule states that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(b)(2)(c).

Defendant contends an award of monetary sanctions should be denied because: plaintiff failed to comply with Local Rule 7-8; she did not comply with the Court's standing order regarding discovery disputes; and because the Court did not set a deadline for compliance.

Plaintiff's motion complies with Local Rule 7-8 and there was no discovery dispute at issue requiring the parties to file a joint letter because the Court ordered defendant to produce the discovery that plaintiff requested. Although the Court did not set a deadline for compliance, reasonable time had passed since it issued its order. Plaintiff, moreover, provided defendant with ample time when she requested on December 1, 2020 that defendant comply by December 18, 2020. Monetary sanctions are appropriate because defendant acted in bad faith, demonstrated by the fact that within 15 days of her filing her motion, defendant complied with the Court's order.

### III. CONCLUSION

Defendant has produced further production of emails in native format and further response to Interrogatory No. 1 as of December 31, 2020 and January 7, 2021, respectively. Plaintiff needs additional time to review defendant's production and response to ensure defendant has complied with the Court's order (Dkt. 30). If she determines defendant has complied, she will withdraw her motion prior to the January 29, 2021 hearing.

Dated: January 13, 2021         SIEGEL, YEE, BRUNNER & MEHTA

By: _/s/ Andrew Chan Kim_
    Andrew Chan Kim

Attorneys for Plaintiff
DEBRA HORN