1
2
3
4
5

LAFAYETTE & KUMAGAI LLP
Gary T. Lafayette (SBN 088666)
Email: glafayette@lkclaw.com
Brian H. Chun (SBN 215417)
Email: bchun@lkclaw.com
1300 Clay Street, Suite 810
Oakland, CA 94612
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

6
7

Attorneys for Defendant
SAFEWAY INC.

8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

DEBRA HORN,

                    Plaintiff,

vs.

SAFEWAY INC. and Does 1-50,

                    Defendants.

Case No. 3:19-cv-02488-JCS

**DEFENDANT SAFEWAY INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Date:          April 30, 2021
Time:          9:00 a.m.
Courtroom:     Courtroom F, 15th Floor
Judge:         Hon. Joseph C. Spero

Action Filed:  March 11, 2019
Notice of Removal Filed:  May 8, 2019
Trial Date:  September 27, 2021

20
21
22
23
24
25
26
27
28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

# **TABLE OF CONTENTS**

Page No.

NOTICE OF MOTION AND MOTION......................................................................................1

STATEMENT OF RELIEF SOUGHT .....................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES............................................................1

I.    STATEMENT OF ISSUES ...........................................................................................1

II.   INTRODUCTION..........................................................................................................2

III.  STATEMENT OF UNDISPUTED FACTS..................................................................3

      A.    The Termination of Plaintiff's Employment. .....................................................3

      B.    Safeway's Accommodation of Plaintiff's Medical Restrictions. ........................6

IV.   LEGAL ARGUMENT ...................................................................................................7

      A.    Summary Judgment Standard.............................................................................7

      B.    No Genuine Dispute of Material Fact Exists Regarding Plaintiff's
            Claims For Failure to Provide Reasonable Accommodation in
            Violation of the FEHA and ADA (Seventh and Tenth Claims)..........................8

            1.    Plaintiff's FEHA Claim Based on an Alleged Failure to
                  Accommodate Prior to May 2, 2015 Is Time-Barred.................................8

            2.    Plaintiff's ADA Claim Based on an Alleged Failure to
                  Accommodate Prior to July 13, 2016 Is Time-Barred. ..............................9

            3.    Plaintiff's Claims for Failure to Accommodate Under the
                  FEHA and the ADA For the Time Period May 2, 2015
                  Through Her Termination on June 28, 2017 Is Meritless. .......................10

      C.    No Genuine Dispute of Material Fact Exists Regarding Plaintiff's
            Claim For Failure to Engage in the Interactive Process in Violation
            of the FEHA (Eighth Claim). ............................................................................12

            1.    Plaintiff's FEHA Claim Based on an Alleged Failure to
                  Engage in the Interactive Process Prior to May 2, 2015 Is
                  Time-Barred. .............................................................................................12

            2.    Plaintiff's Claim for Failure to Engage in the Interactive
                  Process in Violation of the FEHA For the Time Period
                  May 2, 2015 Through Her Termination on June 28, 2017
                  Is Meritless. .............................................................................................13

      D.    Plaintiff's Claims For Disability Discrimination, Failure to Prevent
            Discrimination and Retaliation in Violation of the FEHA Based On
            Alleged Incidents Prior to May 9, 2016 Are Time-Barred (Fifth,
            Sixth and Second Claims). .................................................................................14

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

i

E.    Plaintiff's Claims For Disability Discrimination in Violation of the ADA and Retaliation in Violation of Title VII Based On Alleged Incidents Prior to July 13, 2016 Are Time-Barred (Ninth and Twelfth Claims). ................................................................................................15

F.    Plaintiff's Claims For Harassment and Aiding, Abetting, Inciting, Compelling or Coercing Harassment in Violation of the FEHA Based On Alleged Incidents Prior to May 9, 2016 Are Time-Barred (Third and Fourth Claims)....................................................................16

G.    Plaintiff's Claim For Harassment in Violation of the ADA Based On Alleged Incidents Prior to July 13, 2016 Are Time-Barred (Eleventh Claim). ....................................................................................................17

H.    Plaintiff's Claim for Retaliation in Violation of California Labor Code Section 1102.5 Based on Alleged Incidents Prior to March 11, 2016 Is Time-Barred (First Claim). ....................................18

I.    No Genuine Dispute of Material Fact Exists Regarding Plaintiff's Claim For Punitive Damages ................................................................19

V.    CONCLUSION ....................................................................................................20

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

ii

1

# <u>TABLE OF AUTHORITIES</u>

2

Page No.

3

**Cases**

4

*Adetuyi v. City & Cty. of San Francisco*
(Cal. Ct. App. May 17, 2011) 2011 WL 1878853.....................................passim

*American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*
(2002) 96 Cal.App.4th 1017.....................................20

*Brennan v. Townsend & O'Leary Enterprises, Inc.*
(2011) 199 Cal.App.4th 1336.....................................passim

*Celotex Corp. v. Catrett*
(1986) 477 U.S. 317.....................................7

*Di-az v. Tesla, Inc.*
(N.D. Cal. Dec. 30, 2019) 2019 WL 7311990.....................................19

*E.E.O.C. v. Fred Meyer Stores, Inc.*
(D. Or. 2013) 954 F. Supp. 2d 1104.....................................18

*Flait v. North American Watch Corp.*
(1992) 3 Cal.App.4th 467.....................................14

*Guz v. Bechtel National, Inc.*
(2000) 24 Cal.4th 317.....................................14

*Humphrey v. Memorial Hosps. Ass'n*
(9th Cir. 2001) 239 F3d 1128.....................................13

*Kaldis v. Wells Fargo Bank, N.A.*
(C.D. Cal. 2017) 263 F. Supp. 3d 856.....................................passim

*Keenan v. Allan*
(9th Cir. 1996) 91 F.3d 1275.....................................8

*Kolstad v. Am. Dental Ass'n,*
(1999) 527 U.S. 526, 543.....................................19

*McConnell v. General Tel. Co. of Calif.*
(9th Cir. 1987) 814 F.2d 1311.....................................9, 15, 17

*McVeigh v. Recology San Francisco*
(2013) 213 Cal.App.4th 443.....................................18

*National R.R. Passenger Corp. v. Morgan*
(2002) 536 U.S. 101.....................................10, 15, 18

*Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*
(9th Cir. 2000) 210 F.3d 1099.....................................7

iii

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

*Proctor v. United Parcel Service*
   (10th Cir.2007) 502 F.3d 1200 ................................................................................10

*Rabara v. Heartland Employment Servs., LLC*
   (N.D. Cal. Apr. 26, 2019) 2019 WL 1877351................................................. passim

*Richards v. CH2M Hill, Inc.*
   (2001) 26 Cal. 4th 798 ...................................................................................9, 17

*Rowe v. Hussmann Corp.*
   (8th Cir. 2004) 381 F.3d 775 ...............................................................................18

*Scotch v. Art Institute of California-Orange County Inc.*
   (2009) 173 Cal.App.4th 986 ................................................................................14

*Smolen v. Deloitte, Haskins & Sells*
   (9th Cir. 1990) 921 F.2d 959 .................................................................................7

*Teague v. Nw. Mem'l Hosp.*
   (7th Cir. 2012) 492 F. App'x 680 ....................................................................10, 15

*Tobin v. Liberty Mut. Ins. Co.*
   (1st Cir. 2009) 553 F.3d 121 .........................................................................10, 15

*Trujillo v. North County Transit Dist.*
   (1998) 63 Cal.App.4th 280 ..................................................................................14

*Weeks v. Union Pac. R.R. Co.*
   (E.D. Cal. 2015)137 F.Supp.3d 1204 ...............................................................15, 19

*White v. Ultramar, Inc.*
   (1999) 21 Cal.4th 563 ........................................................................................19

**Statutes**

29 C.F.R. § 1630.2(o)(3) ........................................................................................13

42 U.S.C § 2000e-5(e)(1) ........................................................................................17

42 U.S.C. § 12112(b)(5)(A) .....................................................................................11

42 U.S.C. § 2000e-5(e)(1) ...................................................................................9, 15

42 U.S.C. §§ 12117(a)...................................................................................9, 15, 17

Fed. R. Civ. P. 56(a) ................................................................................................7

Fed. R. Civ. P. 56(g) ................................................................................................7

Cal Gov't Code § 12940(n) ......................................................................................13

Cal. Civ. Code § 3294 .............................................................................................19

Cal. Civ. Code § 3294(b)..........................................................................................19

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

iv

Cal. Civ. Proc. Code § 338(a) ..............................................................................18

Cal. Gov't Code § 12940(m) ...............................................................................11

Cal. Gov't Code § 12960...................................................................................8, 12

Labor Code Section 1102.5 .............................................................................18, 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

DEFENDANT SAFEWAY INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(Case No. 3:19-cv-02488-JCS)

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF DEBRA HORN:

NOTICE IS HEREBY GIVEN that on April 30, 2021 at 9:30 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Safeway Inc. ("Safeway") will and hereby does move the Court for partial summary judgment of claims, regarding the Complaint filed by Plaintiff Debra Horn ("Plaintiff"). Safeway is entitled to partial summary judgment of claims, on the grounds that there are no genuine disputes of material fact with regard to Plaintiff's claims challenged by way of this motion and several of Plaintiff's claims are time-barred.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Brian H. Chun, Michael Vasquez, Celia Kettle and Kevin Lovell, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

**STATEMENT OF RELIEF SOUGHT**

Safeway respectfully requests that this Court grant Safeway's motion for partial summary judgment of claims.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.        STATEMENT OF ISSUES**

A.    Whether any genuine dispute of material fact exists with regard to Plaintiff's claim for failure to provide reasonable accommodation in violation of the FEHA and ADA (Seventh and Tenth Claims).

B.    Whether any genuine dispute of material fact exists with regard to Plaintiff's claim for failure to engage in the interactive process in violation of the FEHA (Eighth Claim).

C.    Whether Plaintiff's claims for disability discrimination, failure to prevent discrimination and retaliation in violation of the FEHA based on alleged incidents prior to May 9, 2016 are time-barred (Fifth, Sixth and Second Claims).

D.    Whether Plaintiff's claims for disability discrimination in violation of the ADA

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

and retaliation in violation of Title VII based on alleged incidents prior to July 13, 2016 are time-barred (Ninth and Twelfth Claims).

E.   Whether Plaintiff's claims for harassment and aiding, abetting, inciting, compelling or coercing harassment in violation of the FEHA based on alleged incidents prior to May 9, 2016 are time-barred (Third and Fourth Claims).

F.   Whether Plaintiff's claim for harassment in violation of the ADA based on alleged incidents prior to July 13, 2016 are time-barred (Eleventh Claim).

G.   Whether Plaintiff's claim for retaliation in violation of California Labor Code Section 1102.5 based on alleged incidents prior to March 11, 2016 is time-barred (First Claim).

H.   Whether any genuine dispute of material fact exists with regard to Plaintiff's claim for punitive damages.

## II.   **INTRODUCTION**

Plaintiff Debra Horn ("Plaintiff"), a full-time food clerk/checker[1] at Safeway's Dublin, California store was suspended pending investigation on April 27, 2017 and then terminated on June 28, 2017 for racially profiling and then wrongfully calling the police on an innocent couple (one of whom was African American and the other who was of Middle Eastern descent) who were doing nothing but shopping.  The misconduct that led to the termination of her employment was not the first time Plaintiff had wrongfully profiled African American customers, nor the first time that customers had complained about her inappropriate conduct.  A year earlier, in 2016, an investigation revealed that she wrongfully directed the police to detain an African American mother and her daughter, claiming they had stolen alcohol.  In the period between the two incidents, five different customers complained about Plaintiff's rudeness and improper comments.  Plaintiff's racial profiling was despicable in and of itself.  She also violated Safeway's Shoplifting Deterrence policy that prohibited her from assisting in the detention of

---

[1] A food clerk/checker's primary duty is to work as a front end cashier.  Accordingly, employees so classified are trained to check and bag groceries, and to provide customer service, but they may be assigned to perform other tasks including ordering and stocking and displaying products.

suspected shoplifters.

Plaintiff's union filed a grievance on her behalf and following an arbitration, the arbitrator concluded that Plaintiff had "engaged in serious misconduct by indulging in racial profiling and falsely accusing customers of theft without having a reasonable basis for doing so," "exposed the company to liability," and "left her assigned work area for a period of time" in violation of company policies.  While the arbitrator concluded that "serious discipline" was "warranted for the misconduct" and that Plaintiff had demonstrated a "lack of candor," he reduced the termination to a one year suspension.

Plaintiff filed an EEOC charge against Safeway on May 9, 2017, a week and half after her April 27, 2017 suspension relating to her racial profiling of customers, alleging that Safeway had discriminated against and harassed her based on a disability, failed to accommodate her work restrictions and retaliated against for her complaining about an alleged failure to accommodate, since 2008.  In other words, despite the fact that she alleges she was being treated unlawfully year after year, she waited nine years, but only a week and a half after her suspension, to file her EEOC charge.

As discussed below, many of the events about which Plaintiff complains occurred several years prior to the filing of her EEOC charge and are, therefore, time-barred.  Moreover, given the large gaps of time between the alleged unlawful acts, she cannot establish that the alleged unlawful acts occurred with sufficient frequency so as to render the older alleged unlawful acts part of a continuing violation along with the more recent alleged unlawful acts.  Plaintiff's claims based on these older alleged unlawful acts should be dismissed as untimely.

In addition, Plaintiff's claims for failure to provide reasonable accommodation and failure to engage in the interactive process should be dismissed in their entirety given that Plaintiff cannot establish that Safeway failed to accommodate her work restrictions and/or failed to engage in the interactive process during the statutory limitations periods at issue.

## III.    STATEMENT OF UNDISPUTED FACTS

### A.    The Termination of Plaintiff's Employment.

Plaintiff's employment was suspended on April 27, 2017 and then terminated on June 28,

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

2017 after an investigation determined that she had violated multiple company policies when she contacted the police and falsely accused two customers of color of an intent to shoplift. (Declaration of Kevin Lovell ("Lovell Decl.") at ¶ 2; Declaration of Celia Kettle ("Kettle Decl.") at ¶¶ 4-5.)  The investigation commenced after an attorney for the two customers sent a letter to the Store Director, Michael Vasquez ("Vasquez"), complaining about Plaintiff's racial profiling of the customers, a false accusation of shoplifting and an unlawful detention, and demanding compensation for civil rights violations.  (Kettle Decl. at ¶¶ 4-5; Declaration of Michael Vasquez ("Vasquez Decl.") at ¶ 3.)  The letter stated, among other things, the following:

> I gather from Ms. _____ that you have admitted that the employee who summoned the police did not follow established Safeway procedure before calling the police.  The fact seems inescapable that your employee's decision-making had very little to do with their actual actions, but was largely induced on account of their race.  Your employee's actions were a false report of a crime, and led to Mr. and Ms. _____'s wrongful detention by the police, their humiliation in front of members of their community during the police interrogation, and were a personal insult to their dignity.  And it is not hyperbole to say that Safeway's baseless call to law enforcement brought potentially deadly force into what was in fact a charitable undertaking by our clients.
>
> Our firm has been instructed to file suit against Safeway and the employee for making a false police report, inducing their false detention, and inducing civil rights violations based on race . . . .

(Kettle Decl. at ¶ 4.)

This was not the first time a customer had complained to Safeway about being racially profiled and falsely accused of shoplifting by Plaintiff.  On January 12, 2016, an African American female customer sent an email message to Safeway with the subject "Distraught Customer."  (Kettle Decl. at ¶ 2, Ex. A.)  She complained that she and her 14-year-old daughter had been stopped by the police at the Dublin store on January 10, 2016 after they had purchased sandwiches and other items from the deli.  (Kettle Decl. at ¶ 2, Ex. A.)  The email stated the following:

> Dear: Safe Way Corp.
>
> On January 10th 2016 around 7:20pm  My 14 year old daughter _____ and I went to Safeway in Dublin off Dublin Blvd and Amador plaza to buy sandwiches and to get something to drink and some other items. So we picked up a few bottles of water and some detergent after our sandwiches were made and preceded to the self-checkout or

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

either the other open checkout lines. I notice that the lines were a little long, so I went to deli to pay for my items which I know I can and after I got my bag We left out the store and I got half way to my car and my daughter notice that a lady was outside the store streaming, she had on a football jersey shirt and she had a cell phone in her hand, I told my daughter maybe she is having a loud conversation over the phone and didn't think nothing of it. **So as I was backing out of the stall a couple seconds later Dublin PD pulled up behind me with flashing lights he got out of is cruiser with his hand on his gun, and he told me to pull back into the stall which I did, we was petrified I didn't know what was going on and my daughter stated are they going to shoot us. My mind went to racing because It could happened this day in time. The officer approach my vehicle and he told me that the lady in the store (Deborah) said that I had stolen some liquor** which I did not know what she was talking about the only thing we bought was the deli sandwiches and water which 1 told the officer and he asked me do I have my receipt so I gave him my receipt and he told me to pull out my driver's license, at this moment i was so afraid that I had to reach in my purse. I noticed another cop approach on the passenger side which my daughter was sitting. I gave my license to the second cop and the first officer he went back into the store to verify that I made my purchases and he came back and said he did not see the person and i told him that the cashier at the deli was a Hispanic male. While waiting and getting upset for being falsely accused of something I will never do. **The first officer came back and apologizes for what had happened. He told me that the lady known as Deborah self-checkout clerk approach his vehicle flagging him down saying that they had stolen liquor and stuff** that's what the officer told me and that she made it seem like we did more than what she was accusing us of the officer said. **The store manager Michael Vasquez approach my vehicle and told me he apologize for what happen and that he talked to Deborah the checkout clerk and told her that she cannot accuse somebody of stealing if she haven't seen them steel anything.** He apologize again and said if anything we need let him know and not once did Deborah came to apologize for what she falsely accused my daughter and I of, that could put our life's in danger. **I've been coming to Safeway in my neighborhood for 13 years and I refuse to go out my way to another store because she's still employed at that location. We were not just embarrassed we were humiliated that this had to happen in front of a parking lot full of people. Im a business owner myself and I would not accuses a customer of stealing, I would do my inventory and find out what was missing view the video and contact the authorities, to just accuses someone of doing something they did not like this was Salem in the 1800's.**

P.S I would like to be contacted ASAP.

(Kettle Decl. at ¶ 2, Ex. A (emphasis added).)

Asset Protection Manager Kettle investigated both complaints immediately after they were received and concluded that Plaintiff had violated Safeway policies, including the Shoplifting Deterrence policy, in both instances.  (Kettle Decl. at ¶¶ 3-5.)  On April 27, 2017, Kettle suspended Plaintiff's employment pending investigation, and on June 28, 2017, Safeway District Manager, Kevin Lovell, made the decision to terminate Plaintiff's employment based

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

upon Kettle's investigation, which revealed that Plaintiff had engaged in multiple violations of Safeway policy, including the Shoplifting Deterrence policy.  (Lovell Decl. at ¶ 2; Kettle Decl. at ¶ 5.)  Plaintiff claims that her suspension and termination were discriminatory and retaliatory.

After the termination of Plaintiff's employment, Plaintiff's union filed a grievance on her behalf and following an arbitration, the arbitrator concluded that Plaintiff had "engaged in serious misconduct by indulging in racial profiling and falsely accusing customers of theft without having a reasonable basis for doing so," "exposed the company to liability," and "left her assigned work area for a period of time" in violation of company policies.  While the arbitrator concluded that "serious discipline" was "warranted for the misconduct" and that Plaintiff had demonstrated a "lack of candor," he reduced the termination to a one-year suspension. (Deposition of Plaintiff ("Pl. Depo."), Vol. 3 at 430:12-431:11, 437:10-439:3 and Depo. Ex. 167 at 31-32 (Declaration of Brian H. Chun ("Chun Decl."), Ex. C).)

### B.      Safeway's Accommodation of Plaintiff's Medical Restrictions.

Plaintiff alleges that she suffers from a work related repetitive motion injury to her left foot as well as repetitive strain injuries to both of her hands.  (Plaintiff's Complaint at ¶¶ 7-29 (Chun Decl., Ex. D).)  On May 18, 2012, Plaintiff's treating physician reported the following work restrictions for Plaintiff:  "She will continue doing her normal job.  She is best if she checks no more than 2 hours at a time, 4 hours total per day."  (Pl. Depo., Vol. 2 at 214:18-217:24 and Depo. Ex. 68 (Chun Decl., Ex. B).)

On September 6, 2012, Plaintiff accepted Safeway's offer of Modified or Alternative Work in which Plaintiff agreed to the following accommodation:  "She will continue doing her normal job.  She is best if she checks no more than 2 hours at a time, total 4 hours per day.  We understand that you requested a stool to be in the check stand.  A stool will be provided on an as needed basis."  (Pl. Depo., Vol. 2 at 214:18-217:24 and Depo. Ex. 68 (Chun Decl., Ex. B); Pl. Depo., Vol. 3 at 401:3-402:16 (Chun Decl., Ex. C).)  These restrictions and accommodations remained in place through the termination of Plaintiff's employment.  (Pl. Depo., Vol. 2 at 195:2-25 (Chun Decl., Ex. B); Pl. Depo., Vol. 3 at 396:5-9, 398:2-400:21 (Chun Decl., Ex. C).)

Plaintiff was assigned to oversee the store's self-checkout station – an assignment that did

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

not require her to constantly stand (nor actively checkout customers), although she was still assigned to work in a check stand from time to time as needed).  (Pl. Depo., Vol. 2 at 143:10-11; (Chun Decl., Ex. B); Pl. Depo., Vol. 3 at 389:19-390:9, 391:1-392:25, 394:5-13 (Chun Decl., Ex. C); Vasquez Decl. at ¶ 2.)  Plaintiff admits that she had no restrictions on the amount of time she could work in the self-checkout station.  (Pl. Depo., Vol. 3 at 394:5-13 (Chun Decl., Ex. C).)

Plaintiff also admits that (1) she was provided with a stool, (2) no one ever told her that she could not use a stool, (3) she is not aware of any manager moving the stool from the office where it was supposed to be stored while not in use, (4) she never heard any manager say they would take stool out of the office, (5) she never heard anyone tell someone else to move the stool, and (6) she is not aware of any witness who would be able to state that the stool was ever missing.  (Pl. Depo., Vol. 3 at 329:13-21, 333:23-335:19, 340:19-24, 346:24-347:2 (Chun Decl., Ex. C).)

## IV.    LEGAL ARGUMENT

### A.    Summary Judgment Standard

A trial court may grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  (Fed. R. Civ. P. 56(a).)  Upon such a showing, the court may grant summary judgment in the party's favor upon all or any part thereof.  (Fed. R. Civ. P. 56(g).)  A moving party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of material fact.  (*Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 322; *see also, Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.* (9th Cir. 2000) 210 F.3d 1099.)  On issues for which the non-moving party will have the burden at trial, the moving party need only point out "that there is an absence of evidence to support the non-moving party's case."  (*Celotex Corp.*, 477 U.S. at 325.)

Once the moving party makes the requisite showing, the burden then shifts to the non-moving party to present specific facts showing that a genuine issue exists for trial, by producing "at least some significant probative evidence tending to support" the claims.  (*Smolen v. Deloitte, Haskins & Sells* (9th Cir. 1990) 921 F.2d 959, 963; *Celotex*, 477 U.S. at 324.)  The non-moving party must identify with reasonable particularity the evidence precluding summary judgment.

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1   (*Keenan v. Allan* (9th Cir. 1996) 91 F.3d 1275, 1279.)  Summary judgment must be entered if the

2   non-moving party fails to set forth specific facts showing there is a genuine issue for trial.

3   (*Celotex*, 477 U.S. at 324.)

**B.      No Genuine Dispute of Material Fact Exists Regarding Plaintiff's Claims For Failure to Provide Reasonable Accommodation in Violation of the FEHA and ADA (Seventh and Tenth Claims).**

**1.      Plaintiff's FEHA Claim Based on an Alleged Failure to Accommodate Prior to May 2, 2015 Is Time-Barred.**

Plaintiff's FEHA claim for failure to provide reasonable accommodation based on alleged

incidents that occurred prior to May 2, 2015 is time-barred due to her failure to file a complaint

with the DFEH within one year of these alleged incidents.  (*See* Cal. Gov't Code § 12960 ("No

complaint may be filed after the expiration of one year from the date upon which the alleged

unlawful practice or refusal to cooperate occurred. . . .").)  Here, Plaintiff dual-filed a complaint

with both the DFEH and EEOC on May 9, 2017.  (Safeway's Request for Judicial Notice

("RJN"), Ex. A.)  Accordingly, the one year limitations period is May 9, 2016 to May 9, 2017.

Plaintiff alleges that Safeway failed to accommodate her work restrictions during the time

period that Vasquez was the Store Director.  Vasquez became the Store Director on May 2, 2015

and remained as the Store Director through the termination of Plaintiff's employment on June 28,

2017. (Vasquez Decl. at ¶ 1.)  While Plaintiff also alleges that beginning in 2009, various other

Store Directors also failed to accommodate her work restrictions, she admits that during the one

to two year period of time prior to Vasquez becoming the Store Director, her restrictions were

properly accommodated.  (Pl, Depo., Vol. 3 at 425:22-426:20, 427:22-428:24 (Chun Decl., Ex.

C).)  Given this one to two year gap in time, Plaintiff cannot establish that the alleged failures to

accommodate that occurred prior to Vasquez becoming the Store Director are part of a continuing

violation, and therefore, properly part of this lawsuit.

The continuing violation doctrine comes into play when an employee raises a claim based

on conduct that occurred in part outside the limitations period.  Provided at least one of the acts

occurred within the limitations period, the employer may be liable for acts predating the statutory

period under the continuing violation doctrine.  (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal. 4th

L A F A Y E T T E  &  K U M A G A I  L L P
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

798, 823-824.)  An employer's persistent failure to reasonably accommodate a disability is a continuing violation if the employer's unlawful actions are (1) sufficiently similar in kind; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence. (*Id.*)  Here, Plaintiff cannot establish that the alleged violations occurred with reasonable frequency due to the one to two year period of time prior to Vasquez becoming the Store Director during which Plaintiff admits she was reasonably accommodated.  (*Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336, 1354 ("On this record, we cannot see how the incidents of wrongful conduct relied upon by plaintiff in this action can be considered as continuing with reasonable frequency when the incidents are spaced apart no less than six months and sometimes more than a year."); *Kaldis v. Wells Fargo Bank, N.A.* (C.D. Cal. 2017) 263 F. Supp. 3d 856, 863 (one year gap between alleged wrongful acts did not satisfy "reasonable frequency" prong of continuing violations doctrine); *Adetuyi v. City & Cty. of San Francisco* (Cal. Ct. App. May 17, 2011) 2011 WL 1878853, *7 ("We agree with the trial court that wrongful conduct cannot be considered 'continuing' or 'reasonably frequent' when no memorable incident occurred for the space of an entire year."); *Rabara v. Heartland Employment Servs., LLC* (N.D. Cal. Apr. 26, 2019) 2019 WL 1877351, *13 ("Here, there are multiple gaps between the alleged wrongdoers' conduct, and some of the gaps are at least six months.... In sum, the Court finds that Plaintiff's FEHA claims that are predicated on conduct before March 12, 2014, are time barred and that the continuing violations doctrine does not apply.").)

Accordingly, the continuing violations doctrine cannot does not apply to the alleged failures to accommodate that occurred before Vasquez became the Store Director.  Plaintiff's claim based on these alleged incidents is time-barred.

### 2. Plaintiff's ADA Claim Based on an Alleged Failure to Accommodate Prior to July 13, 2016 Is Time-Barred.

Plaintiff's ADA claim for failure to provide reasonable accommodation based on alleged incidents that occurred prior to July 13, 2016 is time-barred due to her failure to file a complaint with the EEOC within 300 days of these alleged incidents.  (*See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. §§ 12117(a); *McConnell v. General Tel. Co. of Calif.* (9th Cir. 1987) 814 F.2d 1311,

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1315-1316.)  Here, Plaintiff filed her EEOC charge on May 9, 2017.  (RJN, Ex. A.)  Therefore,

the limitations period is July 13, 2006 (300 days before May 9, 2017) to May 9, 2017.  Any

alleged failures to accommodate that occurred prior to July 13, 2016 are, therefore, time-barred

Moreover, under the ADA, the continuing violations doctrine does not apply to claims for

failure to accommodate.  (*National R.R. Passenger Corp. v. Morgan* (2002) 536 U.S. 101, 110

(claims for discrete acts of discrimination are barred if not filed within the limitations period,

even if other, similar discriminatory acts occurred within that period); *Teague v. Nw. Mem'l*

*Hosp.* (7th Cir. 2012) 492 F. App'x 680, 684 ("Teague cites no authority discussing the

continuing-violation doctrine in the context of a failure to accommodate.  Yet courts have

analyzed the application of this doctrine in ADA lawsuits.  And these decisions directly

undermine Teague's argument by concluding that a refusal to accommodate is a discrete act—not

an ongoing omission—and therefore the continuing violation doctrine does not apply."); *Tobin v.*

*Liberty Mut. Ins. Co.* (1st Cir. 2009) 553 F.3d 121, 130–31 ("[T]he denial of a disabled

employee's request for accommodation starts the clock running on the day it occurs.  As we have

noted, such a denial is a discrete discriminatory act that, like a termination, a refusal to transfer,

or a failure to promote, does not require repeated conduct to establish an actionable claim."); *see*

*also Proctor v. United Parcel Service* (10th Cir.2007) 502 F.3d 1200, 1210  (explaining that

employer's denial of requested accommodation "constitutes a discrete act of alleged

discrimination.").)  Therefore, Plaintiff's claim based on alleged incidents that occurred prior to

July 13, 2016 is time-barred due to her failure to file a complaint with the EEOC within 300 days

of these alleged incidents.

### 3. Plaintiff's Claims for Failure to Accommodate Under the FEHA and the ADA For the Time Period May 2, 2015 Through Her Termination on June 28, 2017 Is Meritless.

What remains of Plaintiff's claim for failure to accommodate is her allegation that her

work restrictions were not accommodated during the time period that Vasquez was the Store

Director, i.e., May 2, 2015 through June 28, 2017.  Plaintiff's claim is meritless because she

cannot establish that Safeway failed to accommodate her work restrictions.  Both the FEHA and

the ADA require employers to make reasonable accommodation for the known disabilities of

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1  employees to enable them to perform a position's essential functions, unless doing so would

2  produce undue hardship to the employer's operations. (Cal. Gov't Code § 12940(m); 42 U.S.C. §

3  12112(b)(5)(A).)

4  On May 18, 2012, Plaintiff's treating physician reported the following work restrictions

5  for Plaintiff: "She will continue doing her normal job. She is best if she checks no more than 2

6  hours at a time, 4 hours total per day." On September 6, 2012, Plaintiff accepted Safeway's offer

7  of Modified or Alternative Work in which Plaintiff agreed that "[s]he will continue doing her

8  normal job. She is best if she checks no more than 2 hours at a time, total 4 hours per day. We

9  understand that you requested a stool to be in the check stand. A stool will be provided on an as

10  needed basis." (Pl. Depo., Vol. 2 at 214:18-217:24 and Depo. Ex. 68 (Chun Decl., Ex. B); Pl.

11  Depo., Vol. 3 at 401:3-402:16 (Chun Decl., Ex. C).) These restrictions and accommodations

12  remained in place through the termination of Plaintiff's employment. (Pl. Depo., Vol. 2 at 195:2-

13  25 (Chun Decl., Ex. B); Pl. Depo., Vol. 3 at 396:5-9, 398:2-400:21 (Chun Decl., Ex. C).)

14  Plaintiff alleges that Safeway sometimes violated these restrictions. First, she claims that

15  she was occasionally required to work in the check stand for more than two hours at a time.

16  Second, she claims that she was sometimes denied the use of a stool. Both of these claims are

17  meritless.

18  First, with regard to the claim that she was sometimes required to work in the check stand

19  for more than two hours at a time, the accommodation that Safeway agreed to provide and that

20  Plaintiff accepted, did not require that Plaintiff never work in the check stand more than two

21  hours at a time. Rather, it states that Plaintiff "is best" if she checks no more than 2 hours at a

22  time. (Pl. Depo., Vol. 2 at 214:18-217:24 and Depo. Ex. 68 (Chun Decl., Ex. B); Pl. Depo., Vol.

23  3 at 401:3-402:16 (Chun Decl., Ex. C).) Therefore, the accommodation did not contemplate a

24  rigid rule, but rather a flexible one. Therefore, even assuming, *arguendo*, that Plaintiff was

25  sometimes required to work in the check stand for more than two hours at a time, this did not

26  violate her work restrictions. Moreover, during this period of time, Plaintiff was primarily

27  assigned to supervise the self-checkout station and she admits that she had no restrictions on the

28  amount of time she could be assigned to do so. (Pl. Depo., Vol. 2 at 143:10-11; (Chun Decl., Ex.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

B); Pl. Depo., Vol. 3 at 389:19-390:9, 391:1-392:25, 394:5-13 (Chun Decl., Ex. C); Vasquez

Decl. at ¶ 2.)   Therefore, Plaintiff cannot establish that Safeway failed to accommodate her work

restrictions by allegedly requiring her to work in a check stand for more than two hours at a time.

Second, with regard to her claim that she was denied the use of a stool, Plaintiff's claim is

meritless because she admits that (1) she was in fact provided with a stool, (2) no one ever told

her that she could not use a stool, (3) she is not aware of any manager moving the stool from the

office where it was supposed to be stored while not in use, (4) she never heard any manager say

they would take stool out of office, (5) she never heard anyone tell anyone to move the stool, and

(6) she is not aware of any witness who would be able to state that the stool was ever missing.

(Pl. Depo., Vol. 3 at 329:13-21, 333:23-335:19, 340:19-24, 346:24-347:2 (Chun Decl., Ex. C).)

Plaintiff, therefore, has no evidence that Safeway ever denied her the use of a stool.  Therefore,

Plaintiff cannot establish that Safeway failed to accommodate her work restrictions.  Her claims

for failure to accommodate under the FEHA and ADA should be dismissed.

### C.   No Genuine Dispute of Material Fact Exists Regarding Plaintiff's Claim For Failure to Engage in the Interactive Process in Violation of the FEHA (Eighth Claim).

#### 1.   Plaintiff's FEHA Claim Based on an Alleged Failure to Engage in the Interactive Process Prior to May 2, 2015 Is Time-Barred.

Just as with Plaintiff's claim for failure to accommodate under the FEHA, Plaintiff's

FEHA claim for failure to engage in the interactive process based on alleged incidents that

occurred prior to May 2, 2015 is time-barred due to her failure to file a complaint with the DFEH

within one year of these alleged incidents.  (*See* Cal. Gov't Code § 12960.)  As discussed above,

Plaintiff admits that during the one to two year period of time prior to Vasquez becoming the

Store Director, her restrictions were properly accommodated.  (Pl. Depo., Vol. 3 at 425:22-

426:20, 427:22-428:24 (Chun Decl., Ex. C).)  Given this one to two year gap in time, Plaintiff

cannot establish that the alleged failures to engage in the interactive process that occurred prior to

Vasquez becoming the Store Director are part of a continuing violation, and therefore, properly

part of this lawsuit.  (*Brennan,* 199 Cal.App.4th at 1354; *Kaldis,* 263 F. Supp. 3d at 863; *Adetuyi,*

2011 WL 1878853 at *7; *Rabara,* 2019 WL 1877351 at *13.)  Plaintiff's claim based on these

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1  alleged failures to engage in the interactive process that occurred before Vasquez became the

2  Store Director are time-barred.

### 2. Plaintiff's Claim for Failure to Engage in the Interactive Process in Violation of the FEHA For the Time Period May 2, 2015 Through Her Termination on June 28, 2017 Is Meritless.

5  The FEHA makes it unlawful for an employer to "fail to engage in a timely, good faith,

6  interactive process with the employee or applicant to determine effective reasonable

7  accommodations, if any, in response to a request for reasonable accommodation by an employee or

8  applicant with a known physical or mental disability or known medical condition." (Cal Gov't Code

9  § 12940(n).) Similarly, the ADA requires that employers to engage in an informal, interactive

10 process with the disabled employee to determine the nature of the accommodation necessary to

11 enable the individual to perform the position's essential functions. (29 C.F.R. § 1630.2(o)(3) & Pt.

12 1630, App. §§ 1630.2(o), 1630.9; *Humphrey v. Memorial Hosps. Ass'n* (9th Cir. 2001) 239 F3d

13 1128, 1137.)

14 Here, Plaintiff claims that during the time Vasquez was the Store Director, i.e., May 2, 2015

15 through June 28, 2017, Plaintiff failed to accommodate her work restrictions. She cannot, however,

16 allege that Safeway failed to engage in the interactive process during this period of time given the

17 undisputed fact the parties reached an agreement in 2012 as a result of the interactive process.

18 Indeed, on September 6, 2012, Plaintiff accepted Safeway's offer of Modified or Alternative Work

19 in which Plaintiff agreed that "[s]he will continue doing her normal job. She is best if she checks

20 no more than 2 hours at a time, total 4 hours per day. We understand that you requested a stool to

21 be in the check stand. A stool will be provided on an as needed basis." (Pl. Depo., Vol. 2 at

22 214:18-217:24 and Depo. Ex. 68 (Chun Decl., Ex. B); Pl. Depo., Vol. 3 at 401:3-402:16 (Chun

23 Decl., Ex. C).) These restrictions and accommodations remained in place through the termination

24 of Plaintiff's employment. (Pl. Depo., Vol. 2 at 195:2-25 (Chun Decl., Ex. B); Pl. Depo., Vol. 3 at

25 396:5-9, 398:2-400:21 (Chun Decl., Ex. C).) Because an accommodation agreement had been

26 reached, and there was no change in Plaintiff's restrictions, no further interactive process was

27 needed. Plaintiff's claims for failure to engage in the interactive process under the FEHA and ADA

28 should, therefore, be dismissed.

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**D.    Plaintiff's Claims For Disability Discrimination, Failure to Prevent Discrimination and Retaliation in Violation of the FEHA Based On Alleged Incidents Prior to May 9, 2016 Are Time-Barred (Fifth, Sixth and Second Claims).**

Plaintiff's FEHA claims for disability discrimination, failure to prevent discrimination and retaliation in violation of the FEHA based on alleged incidents that occurred prior to May 9, 2016 are time-barred due to her failure to file a complaint with the DFEH within one year of these alleged incidents.  (*See* Cal. Gov't Code § 12960 ("No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred. . . .").)  As discussed above, Plaintiff dual-filed a complaint with both the DFEH and EEOC on May 9, 2017.  (RJN, Ex. A.)  Accordingly, the one year limitations period is May 9, 2016 to May 9, 2017.

In order to prove her claims, Plaintiff must establish, among other things that she was subjected to an adverse employment action.  (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 355; *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 475–476; *Scotch v. Art Institute of California-Orange County Inc.* (2009) 173 Cal.App.4th 986, 1021; *Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280, 289.)  Here, Plaintiff alleges a series of "adverse employment actions" that occurred between November 2009 and October 2012.  After a break of **four years**, she alleges that the next "adverse employment action" occurred in the "fall of 2016."  (Plaintiff's Responses to Defendant Safeway Inc.'s Interrogatories ("Pl. Rog Resp.") at 65:21-72:5 (Chun Decl., Ex. E).)  Given this four year gap in time, Plaintiff cannot establish that the alleged adverse employment actions that occurred prior to May 9, 2016 are part of a continuing violation, and therefore, properly part of this lawsuit.  In other words, Plaintiff cannot establish that the alleged violations occurred with reasonable frequency due to the four year gap in time.  (*Brennan,* 199 Cal.App.4th at 1354 ("On this record, we cannot see how the incidents of wrongful conduct relied upon by plaintiff in this action can be considered as continuing with reasonable frequency when the incidents are spaced apart no less than six months and sometimes more than a year."); *Kaldis,* 263 F. Supp. 3d at 863 (one year gap between alleged wrongful acts did not satisfy "reasonable frequency" prong of continuing violations doctrine); *Adetuyi,* 2011

**L**A**FAYETTE** **&** **K**U**MAGAI** **LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1    WL 1878853 at *7 ("We agree with the trial court that wrongful conduct cannot be considered

2    'continuing' or 'reasonably frequent' when no memorable incident occurred for the space of an

3    entire year."); *Rabara,* 2019 WL 1877351 at *13 ("Here, there are multiple gaps between the

4    alleged wrongdoers' conduct, and some of the gaps are at least six months.... In sum, the Court

5    finds that Plaintiff's FEHA claims that are predicated on conduct before March 12, 2014, are

6    time barred and that the continuing violations doctrine does not apply."); *Weeks v. Union Pac.*

7    *R.R. Co.* (E.D. Cal. 2015)137 F.Supp.3d 1204, 1226 ("The Court is aware of no authority that

8    would hold a gap of about four years between occurrences is sufficient to show that the

9    occurrences are 'reasonably frequent.').)

10            Plaintiff's FEHA claims for disability discrimination, failure to prevent and retaliation in

11    violation of the FEHA based on alleged incidents that occurred prior to May 9, 2016 should,

12    therefore, be dismissed.

        **E.      Plaintiff's Claims For Disability Discrimination in Violation of the ADA and**
13              **Retaliation in Violation of Title VII Based On Alleged Incidents Prior to July**
14              **13, 2016 Are Time-Barred (Ninth and Twelfth Claims).**

15            Plaintiff's claims for disability discrimination in violation of the ADA and retaliation in

16    violation of Title VII based on alleged incidents prior to July 13, 2016 are time-barred due to her

17    failure to file a complaint with the EEOC within 300 days of these alleged incidents.  (*See* 42

18    U.S.C. § 2000e-5(e)(1); 42 U.S.C. §§ 12117(a); *McConnell,* 814 F.2d 1311, 1315-1316.)  As

19    discussed above, Plaintiff filed her EEOC charge on May 9, 2017.  (RJN, Ex. A.)  Therefore, the

20    limitations period is July 13, 2006 (300 days before May 9, 2017) to May 9, 2017.  Any alleged

21    failures to accommodate that occurred prior to July 13, 2016 are, therefore, time-barred.

22            Moreover, under the ADA and Title VII, the continuing violations doctrine does not apply

23    to claims for discrimination and retaliation.  (*National R.R. Passenger Corp.,* 536 US at 110

24    (claims for discrete acts of discrimination are barred if not filed within the limitations period,

25    even if other, similar discriminatory acts occurred within that period); *Teague,* 492 F. App'x at

26    684 (same); *Tobin,* 553 F.3d at 130–31 (same).)  Therefore, Plaintiff's claims based on alleged

27    incidents that occurred prior to July 13, 2016 are time-barred due to her failure to file a complaint

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

---

DEFENDANT SAFEWAY INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(Case No. 3:19-cv-02488-JCS)                                                    15

1    with the EEOC within 300 days of these alleged incidents.

2         **F.    Plaintiff's Claims For Harassment and Aiding, Abetting, Inciting,
               Compelling or Coercing Harassment in Violation of the FEHA Based On
3              Alleged Incidents Prior to May 9, 2016 Are Time-Barred (Third and Fourth
               Claims).**
4

5         Plaintiff's FEHA claims for harassment and aiding, abetting, inciting, compelling or

6    coercing harassment in violation of the FEHA based on alleged incidents that occurred prior to

7    May 9, 2016 are time-barred due to her failure to file a complaint with the DFEH within one year

8    of these alleged incidents.  (*See* Cal. Gov't Code § 12960 ("No complaint may be filed after the

9    expiration of one year from the date upon which the alleged unlawful practice or refusal to

10   cooperate occurred. . . .").)  As discussed above, Plaintiff dual-filed a complaint with both the

11   DFEH and EEOC on May 9, 2017.  (RJN, Ex. A.)  Accordingly, the one year limitations period is

12   May 9, 2016 to May 9, 2017.

13        Plaintiff alleges a series of allegedly harassing acts by Store Director Brian Sullivan

14   ("Sullivan") and various unidentified co-workers that occurred starting in 2009 and that occurred

15   while Sullivan was the Store Director.  (Pl. Rog Resp. at 45:1-19 (Chun Decl., Ex. E).)  Sullivan

16   left the store for another position in 2014.  (Pl. Depo., Vol. 1 at 23:16-20 (Chun Decl., Ex. A).)

17   After a break of approximately **two years**, Plaintiff alleges that the next act of harassment

18   occurred in the fall of 2016 and continued through her termination.  She alleges that she was

19   harassed during this time period by Vasquez, Assistant Manager Jerry Hunt, Assistant Manager

20   Jessica Taylor, Bookkeeper Kelli Snow and Cashier Maniya Darden.  (Pl. Rog Resp. at 45:1-

21   48:22 (Chun Decl., Ex. E).)  Given this two year gap in time, Plaintiff cannot establish that the

22   alleged harassment that occurred prior to May 9, 2016 are part of a continuing violation, and

23   therefore, properly part of this lawsuit.  In other words, Plaintiff cannot establish that the alleged

24   violations occurred with reasonable frequency due to the two year gap in time.  (*Brennan,* 199

25   Cal.App.4th at 1354 ("On this record, we cannot see how the incidents of wrongful conduct

26   relied upon by plaintiff in this action can be considered as continuing with reasonable frequency

27   when the incidents are spaced apart no less than six months and sometimes more than a year.");

28   *Kaldis,* 263 F. Supp. 3d at 863 (one year gap between alleged wrongful acts did not satisfy

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1   "reasonable frequency" prong of continuing violations doctrine); *Adetuyi,* 2011 WL 1878853 at

2   *7 ("We agree with the trial court that wrongful conduct cannot be considered 'continuing' or

3   'reasonably frequent' when no memorable incident occurred for the space of an entire year.");

4   *Rabara,* 2019 WL 1877351 at *13 ("Here, there are multiple gaps between the alleged

5   wrongdoers' conduct, and some of the gaps are at least six months.... In sum, the Court finds that

6   Plaintiff's FEHA claims that are predicated on conduct before March 12, 2014, are time barred

7   and that the continuing violations doctrine does not apply.").)

8       Plaintiff also cannot establish that the earlier alleged acts of harassment were sufficiently

9   similar to the later alleged acts of harassment given that entirely different actors were involved.

10  (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal. 4th 798, 823-824 (for continuing violations doctrine

11  to apply, acts must be sufficiently similar in kind).)

12      Plaintiff's claims for harassment and aiding, abetting, inciting, compelling or coercing

13  harassment in violation of the FEHA based on alleged incidents that occurred prior to May 9,

14  2016 should, therefore, be dismissed.

15  ### G.   Plaintiff's Claim For Harassment in Violation of the ADA Based On Alleged Incidents Prior to July 13, 2016 Are Time-Barred (Eleventh Claim).

16

17      Plaintiff's claims for disability harassment in violation of the ADA based on alleged

18  incidents prior to July 13, 2016 are time-barred due to her failure to file a complaint with the

19  EEOC within 300 days of these alleged incidents.  (*See* 42 U.S.C § 2000e-5(e)(1); 42 U.S.C. §§

20  12117(a); *McConnell,* 814 F.2d 1311, 1315-1316.)  Plaintiff filed her EEOC charge on May 9,

21  2017.  (RJN, Ex. A.)  Therefore, the limitations period is July 13, 2006 (300 days before May 9,

22  2017) to May 9, 2017.  Any alleged failures to accommodate that occurred prior to July 13, 2016

23  are, therefore, time-barred.

24      Further, Plaintiff cannot establish that these earlier alleged harassing acts should be

25  considered part of a continuing violation because they are completely unrelated to the alleged

26  harassing acts that occurred beginning in the fall of 2016.  First, the alleged harassment from

27  2009-2014 was attributed to entirely different people as compared to the alleged harassment that

28  occurred beginning in the fall of 2016.  Second, there was a gap of two years between the two

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1    periods of alleged harassment.  (Pl. Rog Resp. at 45:1-48:22 (Chun Decl., Ex. E).)  (*National*

2    *R.R. Passenger Corp.,* 536 U.S. at 118 (for continuing violations doctrine to apply, alleged acts

3    of harassment outside limitations period must be related to acts within statutory period); *Rowe v.*

4    *Hussmann Corp.* (8th Cir. 2004) 381 F.3d 775, 781 (in determining whether continuing

5    violations doctrine applies to harassment claim, court should consider whether same alleged

6    harasser is involved in incidents within and outside the limitations period); *E.E.O.C. v. Fred*

7    *Meyer Stores, Inc.* (D. Or. 2013) 954 F. Supp. 2d 1104, 1123 (court must consider whether it was

8    the same harasser committing the same harassing acts within and outside the limitations period).)

9         Therefore, Plaintiff's claim based on alleged incidents that occurred prior to July 13, 2016

10   are time-barred due to her failure to file a complaint with the EEOC within 300 days of these

11   alleged incidents.

### H.    Plaintiff's Claim for Retaliation in Violation of California Labor Code Section 1102.5 Based on Alleged Incidents Prior to March 11, 2016 Is Time-Barred (First Claim).

14        Plaintiff's claim for retaliation in violation of Labor Code Section 1102.5 is subject to a

15   three-year statute of limitations.  (Cal. Civ. Proc. Code § 338(a) (governing lawsuits for "liability

16   created by statute").)  Plaintiff filed her lawsuit on March 11, 2019.  Accordingly, the limitations

17   period is March 11, 2016 to March 11, 2019.

18        In order to prove her claim, Plaintiff must establish, among other things that she was

19   subjected to an adverse employment action.  (*McVeigh v. Recology San Francisco* (2013) 213

20   Cal.App.4th 443, 468.)  As discussed above, Plaintiff alleges a series of "adverse employment

21   actions" that occurred between November 2009 and October 2012.  After a break of **four years**,

22   she alleges that the next "adverse employment action" occurred in the fall of 2016.  (Pl. Rog

23   Resp. at 65:21-72:5 (Chun Decl., Ex. E).)  Given this four year gap in time, Plaintiff cannot

24   establish that the alleged adverse employment actions that occurred prior to March 11, 2016 are

25   part of a continuing violation, and therefore, properly part of this lawsuit.  In other words,

26   Plaintiff cannot establish that the alleged violations occurred with reasonable frequency due to

27   the four year gap in time.  (*Brennan,* 199 Cal.App.4th at 1354; *Kaldis,* 263 F. Supp. 3d at 863;

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1  *Adetuyi,* 2011 WL 1878853 at *7; *Rabara,* 2019 WL 1877351 at *13; *Weeks,* 137 F.Supp.3d

2  1204, 1226.)

3      Plaintiff's claim for retaliation in violation of Labor Code Section 1102.5 based on

4  alleged incidents that occurred prior to March 11, 2016, should, therefore, be dismissed.

5      **I.    No Genuine Dispute of Material Fact Exists Regarding Plaintiff's Claim For**
       **Punitive Damages.**

6

7      In order to obtain punitive damages against Defendant, Plaintiff bears the burden of

8  proving by *clear and convincing evidence* that an officer, director or managing agent of

9  Defendant (1) personally committed acts of oppression, fraud or malice, (2) authorized or ratified

10  another employee's acts of oppression, fraud or malice, or (3) had advance knowledge of the

11  unfitness of an employee who committed acts of oppression, fraud or malice and employed him

12  or her with a conscious disregard of the rights and/or safety of others.  (Cal. Civ. Code § 3294;

13  *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 577; *Di-az v. Tesla, Inc.* (N.D. Cal. Dec. 30, 2019)

14  2019 WL 7311990, at *15 ("The federal and state standards for punitive damages are similar.

15  'Agency principles limit vicarious liability for punitive damages awards.'  *Bains LLC v. Arco*

16  *Prod. Co., Div. of Atl. Richfield Co.*, 405 F.3d 764, 773 (9th Cir. 2005).  A corporate employer is

17  not liable for punitive damages based on acts of its employees unless an officer, director, or

18  managing agent (i) knew the employee was unfit and employed him with a conscious disregard

19  for others' safety, (ii) authorized or ratified the wrongful conduct, or (iii) was personally guilty of

20  oppression, fraud, or malice. Cal. Civ. Code § 3294(b); *see also Kolstad v. Am. Dental Ass'n*

21  (1999) 527 U.S. 526, 543 (quoting similar tests from Second Restatement of Torts).")

22      Here, neither Lovell, Vasquez, Kettle nor any of the other management employees in

23  Plaintiff's store were officers, directors or managing agents of Defendant.  (Lovell Decl. at ¶¶ 3-

24  4; Vasquez Decl. at ¶ 4; Kettle Decl. at ¶ 6.)  A "managing agent" means more than just a

25  "supervisor."  Rather, the individual must, among other things, make decisions that "ultimately

26  determine corporate policy."  (*White*, 21 Cal.4th at 576-577.)  Lovell, Vasquez, Kettle and the

27  Dublin store's management employees did not have the authority to determine corporate policy

28  or deviate from corporate policy.  (Lovell Decl. at ¶¶ 3-4; Vasquez Decl. at ¶ 4; Kettle Decl. at ¶

**L A F A Y E T T E  &  K U M A G A I  LLP**
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1   6.)  Their jobs were to make sure the policies created and established by others were followed.

2   (Lovell Decl. at ¶¶ 3-4; Vasquez Decl. at ¶ 4; Kettle Decl. at ¶ 6.)  Moreover, Vasquez, Kettle

3   and the Dublin store's management employees did not have the authority to terminate employees.

4   (Lovell Decl. at ¶¶ 3-4; Vasquez Decl. at ¶ 4; Kettle Decl. at ¶ 6.)

5       Plaintiff, therefore, cannot meet the stringent standard of "clear and convincing evidence"

6   necessary to support her punitive damages claim.  (*See American Airlines, Inc. v. Sheppard,*

7   *Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1049 ("[W]here the plaintiff's ultimate

8   burden of proof will be by clear and convincing evidence, the higher standard of proof must be

9   taken into account in ruling on a motion for summary judgment or summary adjudication . . . .").)

10      Plaintiff's claim for punitive damages against Safeway should, therefore, be dismissed.

11                          **V.    CONCLUSION**

12      For the foregoing reasons, Safeway respectfully requests that this Court grant its motion

13  for partial summary judgment.

14

15  DATED:  February 26, 2021              LAFAYETTE & KUMAGAI LLP

16

17                                         */s/ Brian H. Chun*
                                           BRIAN H. CHUN
18                                         Attorneys for Defendant
                                           SAFEWAY INC.

19

20

21

22

23

24

25

26

27

28