DAN SIEGEL, SBN 56400
ANDREW CHAN KIM, SBN 315331
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
chankim@siegelyee.com

Attorneys for Plaintiff
DEBRA HORN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBRA HORN,<br><br>     Plaintiff,<br><br>vs.<br><br>SAFEWAY INC. and Does 1-50,<br><br>     Defendants. | Case No.: 3:19-cv-02488-JCS<br><br>**SIEGEL, YEE, BRUNNER & MEHTA'S NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Date: August 20, 2021<br>Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Judge: Hon. Joseph C. Spero<br><br>Action Filed:  March 11, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 20, 2021 at 9:30 a.m., in the courtroom of the Honorable Joseph C. Spero, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, Courtroom F – 15th Floor, or at such date and time as the Court may otherwise direct, plaintiff's counsel Dan Siegel and Andrew Chan Kim of Siegel, Yee, Brunner & Mehta, 475 14th Street, Suite 500, Oakland, California will, and hereby do, move to withdraw as counsel for plaintiff Debra Horn.

This motion is based on this Notice of Motion and Motion to Withdraw as Counsel for Plaintiff Pursuant to Local Rule 11-5(a) and the California State Rule of Professional Conduct 1.16.

Dated: July 16, 2021

SIEGEL, YEE, BRUNNER & MEHTA

By: */s/ Andrew Chan Kim*
Andrew Chan Kim

Attorney for Plaintiff
DEBRA HORN

## I.   INTRODUCTION

Pursuant to Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." In the Northern District of California, an attorney's withdrawal is governed by the standards of professional conduct. Civ. L.R. 11-4(a)(1); *see also Kannan v. Apple Inc.*, No. 5:17-CV-07305-EJD, 2020 WL 75942, at *1 (N.D. Cal. Jan. 7, 2020). The rule provides that, "a lawyer may withdraw from representing a client if: the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law [or] the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" CA ST RPC Rule 1.16(b)(1) and (4).

"[T]he decision to permit counsel to withdraw is within the sound discretion of the trial court." *Heifetz v. Nilkanth*, No. 18-CV-04623-TSH, 2019 WL 3457793, at *1 (N.D. Cal. July 31, 2019) (referencing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *see also Castro v. City of Union City*, No. 14-CV-00272-MEJ, 2016 WL 6873455, at *1 (N.D. Cal. Nov. 22, 2016). "'Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seek to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Heifetz*, 2019 WL 3457793 at *1 (N.D. Cal. July 31, 2019) (citing *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) and *Deal v. Countrywide Home Loans*, 2010 Wl 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).

/ / /

/ / /

## II. STATEMENT OF FACTS

Ms. Horn is an individual and a competent adult.

Mr. Siegel and Mr. Kim cannot continue to represent Ms. Horn because she insists upon presenting a claim or defense in litigation that is not warranted under existing law and cannot be supported by good faith argument. Ms. Horn, by other conduct, renders it difficult for her lawyers to carry out their representation of her effectively.

On May 20, 2021, Mr. Siegel provided Ms. Horn written notice of his intent to withdraw from her case. Declaration of Andrew Chan Kim at ¶ 4. Later the same day, Mr. Kim informed Judge Hixson and defense counsel of his intent to withdraw from the case. ECF No. 70. Following Mr. Kim's announcement, the Court set a further case management conference. ECF No. 71. The conference was held on May 28, 2021 and Mr. Kim stated that plaintiff's counsel would maintain representation of Ms. Horn. ECF No. 73.

A settlement conference was held on July 7, 2021. ECF No. 76. The case did not settle. *Id.* Following the settlement conference, the relationship between Ms. Horn and her counsel has not improved. The relationship is no longer based on mutual trust and confidence. Additionally, Ms. Horn is unwilling to listen to her lawyers' advice, cooperate, or be reasonable. As a result, her lawyers cannot carry out the employment effectively. *See Williams v. Troehler*, No. 1:08CV01523 OWW GSA, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010) (listing cases finding that failure to communicate or cooperate constitutes grounds for withdrawal).

This motion is not made for purposes of delay or any other improper purpose. *See Vahora v. Valley Diagnostics Lab'y Inc.*, No. 1:16-CV-01624-SKO, 2018 WL 4292237, at *3 (E.D. Cal. Sept. 7, 2018) (finding that plaintiff's counsel took reasonable steps to avoid reasonably foreseeable prejudice to plaintiff's rights despite filing motion to withdraw simultaneously with plaintiff's motion in limine, and where plaintiff did not

respond to counsel's intent to withdraw); *see also Canandaigua Wine Co. Inc. v. Edwin Moldauer*, No. 1:02-CV-06599-OWW-DLB, 2019 WL 89141, *1 (E.D. Cal. 2009) (granting motion to withdraw less than one month before trial where client refused to accept counsel's advice or pay his fees).

This case is set for trial on September 27, 2021. ECF No. 45. A pretrial conference is set for September 10, 2021. *Id.* The deadline to file a proposed pretrial statement is August 11, 2021. *Id.*

Notice to Ms. Horn is sent concurrently with this filing.

Counsel is prepared to provide additional information to the Court as directed.

### III. CONCLUSION

Accordingly, Dan Siegel and Andrew Chan Kim of Siegel, Yee, Brunner & Mehta respectfully request that this Court grant them leave to withdraw as counsel in the above-captioned matter and enter an order stating that movants have so withdrawn.

Dated: July 16, 2021                              SIEGEL, YEE, BRUNNER & MEHTA

                                                                            By: /s/ Andrew Chan Kim
                                                                                Andrew Chan Kim

                                                                                Attorney for Plaintiff
                                                                                DEBRA HORN

## PROOF OF SERVICE

I, Kayla Webster, declare as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 475 14th Street, Suite 500, Oakland, CA 94612.

On July 16, 2021, I served the following document(s):

Siegel, Yee, Brunner & Mehta's Notice of Motion and Motion to Withdraw as Counsel for Plaintiff by placing true copies thereof in sealed envelopes with first class postage thereon fully prepaid and depositing the same in the United States mail at Oakland, California and by electronic delivery to the addresses below.

Debra Horn
7434 Larkdale Ave.
Dublin, CA 94568
brooks@comcast.net

Magistrate Judge Spero
United States District Court
Office of the Clerk
450 Golden Gate Ave, 16th Floor
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed July 16, 2021, at Oakland, California.

*Kayla Webster*
Kayla Webster

---

*Horn v. Safeway Inc., et al.*, 3:19-cv-02488-JCS
Notice of Motion and Motion to Withdraw as Counsel for Plaintiff - 6