LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@lkclaw.com
BRIAN H. CHUN (SBN 215417)
Email: bchun@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBRA HORN,

Plaintiff,

vs.

SAFEWAY INC. and Does 1-50,

Defendants.

Case No. 3:19-cv-02488-JCS

**DEFENDANT SAFEWAY INC.'S CASE MANAGEMENT STATEMENT**

Date: November 12, 2021
Time: 2:00 p.m.
Courtroom: F – 15th Floor
Judge: Hon. Joseph C. Spero

Action Filed: March 11, 2019
Notice of Removal Filed: May 8, 2019
Trial Date: TBD

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

Defendant Safeway Inc. ("Defendant") submits this Case Management Statement pursuant to Local Rule 16-9(a).

**1. Jurisdiction and Service**

This case has been removed from California state court based upon federal question jurisdiction. No known issues exist regarding personal jurisdiction or venue. No parties remain to be served.

**2. Facts**

Plaintiff is a current employee of Defendant and was employed as a food clerk during the time period relevant to this case. On June 28, 2017, Defendant terminated Plaintiff's employment after she disregarded specific instructions on the handling of suspected shoplifters and violated company policies. She had been warned beforehand that her failure to comply with these instructions would result in discipline up to and including termination. Plaintiff's union filed a grievance on her behalf and following an arbitration, the arbitrator concluded that Plaintiff had "engaged in serious misconduct by indulging in racial profiling and falsely accusing customers of theft without having a reasonable basis for doing so," "exposed the company to liability," and "left her assigned work for a period of time" in violation of company policies. While the arbitrator concluded that "serious discipline" was "warranted for the misconduct" and that Plaintiff had demonstrated a "lack of candor," he reduced the termination to a one year suspension.

With regard to Plaintiff's claims in this case, Defendant denies that it retaliated against Plaintiff for engaging in protected activity, discriminated against or harassed Plaintiff based on her alleged disability or perceived disability, failed to take reasonable steps to prevent discrimination against Plaintiff, failed to provide reasonable accommodation for Plaintiff's alleged disability or perceived disability and/or failed to properly engage in the interactive process to determine reasonable accommodation for Plaintiff's alleged disability or perceived disability.

**3. Legal Issues**

1. Whether Defendant retaliated against Plaintiff in violation of California Labor

Code § 1102.5 because Plaintiff disclosed information, or because Defendant believed that Plaintiff may disclose information, to a government or law enforcement agency, to a person with authority over Plaintiff or to another employee who has the authority to investigate, discover, or correct the violation or noncompliance, and whether Plaintiff had reasonable cause to believe that the information disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

2. Whether Defendant retaliated against Plaintiff in violation of the California Fair Employment and Housing Act ("FEHA").

3. Whether Defendant harassed Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

4. Whether Defendant aided, abetted, incited, compelled or coerced others to harass Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

5. Whether Defendant discriminated against Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

6. Whether Defendant failed to take reasonable steps to prevent discrimination against Plaintiff based on her alleged disability or perceived disability in violation of the FEHA.

7. Whether Defendant failed to provide reasonable accommodation for Plaintiff's alleged disability or perceived disability in violation of the FEHA.

8. Whether Defendant failed to properly engage in the interactive process to determine reasonable accommodation for Plaintiff's alleged disability or perceived disability in violation of the FEHA.

9. Whether Defendant discriminated against Plaintiff based on her alleged disability or perceived disability in violation of the Americans with Disabilities Act ("ADA").

10. Whether Defendant failed to provide reasonable accommodation for Plaintiff's alleged disability in violation of the ADA.

11. Whether Defendant harassed Plaintiff based on her alleged disability or perceived disability in violation of the ADA.

12. Whether Defendant retaliated against Plaintiff in violation of the ADA.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

13. Whether Plaintiff failed to mitigate her alleged damages.

**4. Motions**

**A. Plaintiff's Motions**

Plaintiff filed a Motion to Compel and for Sanctions that was denied on January 22, 2021.

Siegel, Yee, Brunner & Mehta, Plaintiff's former attorneys, filed a Motion to Withdraw as Counsel for Plaintiff on July 16, 2021. The Court granted Plaintiff's motion on August 20, 2021.

**B. Defendant's Motions**

Defendant filed a Motion for Partial Summary Judgment on February 26, 2021, which was granted in part and denied in part on May 6, 2021.

**5. Amendment of Pleadings**

No amendments are expected.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The parties have produced documents and information pursuant to the Court's Initial Discovery Protocols.

**8. Discovery**

Discovery is closed.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Defendant is not aware of any related cases.

**11. Relief**

Defendant contends that Plaintiff is not entitled to recover any damages. The parties agree that Plaintiff is not entitled to any damages for lost wages.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**12. Settlement and ADR**

The parties participated in a court-sponsored mediation with court-appointed mediator Kari Levine, Esq. on September 16, 2020. The parties also participated in a settlement conference with Magistrate Judge Thomas S. Hixson on July 7, 2021. The parties did not reach a settlement.

Defendant has complied with ADR L.R. 3-5.

**13. Consent to Magistrate Judge For All Purposes**

The parties have consented to have a magistrate judge conduct all further proceedings.

**14. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Defendant does not agree, at this time, to the narrowing of issues. At this time, Defendant does not have suggestions to expedite the presentation of evidence at trial.

**16. Expedited Schedule**

Defendant does not agree to the Expedited Trial Procedure.

**17. Scheduling**

Defendant proposes the following trial dates:

(a) October 3, 2022

(b) October 10, 2022

(c) October 17, 2022

(d) October 24, 2022

(e) October 31, 2022

**18. Trial**

Plaintiff has demanded trial by jury. Defendant believes the jury trial will last approximately 8 court days.

**19. Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil L.R. 3-15, Defendant certifies that the following listed persons,

associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Albertsons Holdings LLC and AB Acquisition LLC.

**20. <u>Professional Conduct</u>**

Defendant has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. <u>Other Matters</u>**

None at this time.

DATED: November 5, 2021

LAFAYETTE & KUMAGAI LLP

*/s/ Brian H. Chun*
BRIAN H. CHUN
Attorneys for Defendant
SAFEWAY INC.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605